[No. 2,776.]

# OWEN McMAHON, P. M. BROOKS, and FRANK E. PIERCE, Township Trustees of San Bruno Township, County of San Mateo v. THE BOARD OF SUPERVISORS OF SAN MATEO COUNTY.

Writ of Mandate to Compel the Issuance of Bonds. — If a statute allows the Trustees of a township, when they deem it expedient to expend more money than may be done under the road laws, in the improvement of any highway, or the purchase of any toll road, to submit to the voters of the township the question of the issuance of bonds by the Supervisors, by a proclamation which shall state the specific object for which the money is to be expended, and if the Trustees submit the question by a proclamation which does not specify the particular road to be improved, or the particular toll road to be purchased, a writ of mandate will not be issued to compel the Supervisors to issue the bonds.

Appeal from the District Court, Twelfth Judicial District City and County of San Francisco.

The Court below directed the writ to issue, and the defendants appealed.

The other facts are stated in the opinion.

*Edward F. Head* and *Andrew Tague*, for Appellants.

The proposition submitted to the electors was deficient. It was in this form: "To raise thirty thousand dollars, to be expended for the purpose of constructing and improving highways in said township, for building bridges, macadamizing and improving the old county road in said township, and also to macadamize and improve a portion of the new San Pedro public road in said township."

We submit that this is not a "statement of the specific object for which the money is to be expended, and the amount required therefor." That it amounts only to raising money for general road purposes. Even if the subsequent specifications were intended to limit the general language first used, still no voter could tell how much of the thirty

thousand dollars was to be expended for either of the objects specified.

*W. H. Patterson,* for Respondents.


By the Court, Crockett, J. :

This is an application by the Board of Trustees of the First or San Bruno Township, of San Mateo County, for a writ of mandate to compel the Board of Supervisors of said county to issue bonds for the improvement of roads and highways in said township, under the provisions of the "Act to provide funds for the construction and improvement of highways in the County of San Mateo," approved April 4th, 1870 (Stats. 1869–70, p. 730). The first section of the Act provides that "whenever the Board of Township Trustees of any township of the County of San Mateo shall deem it necessary or expedient to expend more money than may be done under the present road laws of said county, in the opening, construction, or improvement of any public highway in such township, or in the purchase of any toll road therein for the purpose of making the same a public highway, it shall be lawful for said Board of Trustees, by public proclamation, printed in handbill form, and posted in at least six public places in the township, and generally distributed, to state the specific object for which the money is to be expended and the amount required therefor, and to call an election," etc. The statute then prescribes the method of holding the election, the qualifications of voters, etc., and provides that if a majority of the votes cast be in favor of the proposition, the Supervisors shall issue the bonds; the principal and interest for the redemption of which shall be raised by a special tax on the taxable property of the township. The petition for the writ states that the "Board of Trustees, deeming it necessary and expedient

to spend more money in the construction and improvement of roads and highways in said township than can be done under the provisions of the road laws of said county," ordered an election, specifying the time and place, "at which election there should be submitted to the qualified electors of said township, the proposition to raise thirty thousand dollars for the purpose of constructing and improving highways in said township, for building bridges, macadamizing and improving the old county road in said township, and also to macadamize and improve a portion of the new San Pedro public road in said township." The petition then alleges that the election was held, at which a majority of the votes cast were in favor of the proposition; but the Board of Supervisors, nevertheless, refuses to issue the bonds. The answer to the petition raises no issue of fact; but is practically a demurrer to it. The District Court ordered a peremptory writ to issue, and the Supervisors appeal.

The principal question in the case is, whether the proclamation issued by the Board of Trustees specified "the specific object for which the money is to be expended" in the sense in which that phrase is employed in the statute. The Trustees are only authorized to act when they "shall deem it necessary or expedient to expend more money than may be done under the present road laws of said county in the opening, construction, or improvement of *any* public highway in such township," or in the purchase of *any* toll road therein. This would seem to imply that it must be particular specific roads or highways which they deemed it expedient to open, construct, or improve, or a specific toll road which they proposed to purchase; and they are required to state in the proclamation "the specific object for which the money is to be expended." But the petition states that the proposition submitted to the electors was to raise thirty thousand dollars "for the purpose of constructing and improving highways in said township, for building bridges"

and improving two roads which are named and specified. Under this proclamation, the money; when raised, might have been expended in the construction and improvement of any highways, or the building of any bridges in the township, at the discretion of the Trustees. If such a proclamation was a compliance with the statute it would have been equally so if it had omitted to mention any particular road or highway, and had specified only that the money was to be expended in the improvement of highways and the building of bridges generally in the township. The voters would have had no information as to what particular highways or bridges it was proposed to improve or build. But the statute contemplates that before being called upon to vote the electors shall be informed by the proclamation of "the *specific* object," as contradistinguished from the general purposes, for which the money is to be expended. It was not intended that the taxpayers of the township should be burdened with a heavy debt until they had first had an opportunity to exercise their judgment, as to the expediency of the particular improvements which were contemplated. They must be informed in advance of "the *specific* object" for which the money is to be raised; and not generally that it is to build bridges and improve highways in the township.

Judgment and order allowing writ reversed, and cause remanded.

Mr. Chief Justice Wallace did not express an opinion.