<hr />

FRANK L. JANEWAY v. CITY OF DULUTH and Others.[1]

June 24, 1896.

Nos. 10,143—(323).

**City of Duluth—Water and Light Bonds—Special Election—Validity of Ballots.**

In an action to enjoin the city officers of Duluth from issuing "water and light" bonds pursuant to a special election held under the charter, *held*:

1. The ballot was not so complex and misleading that the election was void.

2. The placing of the words "Yes" and "No" after the proposition to be voted on was legal. Truelsen v. City of Duluth, 61 Minn. 48, followed.

3. The city may, under the charter, issue such bonds to erect a water plant alone.

4. The question of the necessity of erecting such a water plant when the city is already adequately supplied by another water plant owned by a private corporation is a legislative question, and not for the courts.

**Same—Irregularities in Election.**

Certain irregularities alleged *held* not sufficient to avoid the election, it not appearing that they changed the result.

[1] Reported in 68 N. W. 24.

**Complaint Insufficient.**

> *Held,* the complaint does not state facts sufficient to constitute a cause of action.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., sustaining a demurrer to the complaint. Affirmed.

*Schmidt, Reynolds & Mitchell,* for appellant.

*J. W. Bull,* pro se, by leave of court, in behalf of appellant.

*Ellsworth Benham* and *S. T. & Wm. Harrison,* for respondents.

CANTY, J. This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff brings this action as a taxpayer. The complaint alleges: That on August 12, 1895, the city council of Duluth passed an ordinance calling a special election to be held on September 24, 1895, for the purpose of voting on the proposition of authorizing the city council to issue water and light bonds to buy or build a water plant for said city, and that the ballot authorized to be used, and which was so used, is in the following form:

---

## CITY BALLOT.

| | | |
|---|---|---|
| Put a cross mark (X) opposite the word "Yes" standing opposite each proposition which you wish to vote for, and a cross mark opposite the word "No" standing opposite each proposition which you wish to vote against, in the squares indicated by the arrow. | | ↓ |
| 1. Upon the proposition of issuing water and light bonds, to the extent of eighteen hundred fifty-six thousand (1,856,000) dollars for the purpose of erecting or purchasing a water plant. | Yes | |
| | No | |
| 2. Upon the proposition of expending the moneys derived from the sale of said bonds in purchasing a water plant already in existence in the city of Duluth; said bonds to be issued and sold by the common council as the same may be needed to pay for said plant, or to discharge or take up the bonded indebtedness of said plant. | Yes | |
| | No | |
| 3. Upon the proposition of expending the moneys derived from the sale of said bonds in erecting a water plant, said bonds to be issued and sold by the common council as the same may be needed for that purpose. | Yes | |
| | No | |
| 4. Upon the proposition that, in the event the voters at this election shall declare in favor of purchasing a water plant already in existence in the city of Duluth, additional water and light bonds to the extent of eight hundred fifty thousand (850,000) dollars shall be issued for the purpose of extending and improving said plant; said bonds to be issued and sold by the common council as the same may be needed for said purpose. | Yes | |
| | No | |

—That said election was held accordingly, and the votes were canvassed by the city council, which declared that 4,210 votes were cast in favor of proposition 1, and 438 votes against it; that 1,556 votes were cast in favor of proposition 2, and 2,667 against it; that 3,237 votes were cast in favor of proposition 3, and 1,077 against it; and that 1,798 votes were cast in favor of proposition 4, and 2,442 against it. That the total number of votes cast at the election was 4,902.

The provisions of the city charter authorizing these proceedings are recited in the opinion in Truelsen v. City of Duluth, 61 Minn. 48, 63 N. W. 714, in which case a former election on somewhat similar propositions was declared void. It is further alleged in the complaint herein that on December 2, 1895, the city council passed another ordinance providing for issuing such bonds to the aggregate amount of $750,000, and directing the city clerk to advertise for sealed proposals for the purchase of the same; that the city clerk did so, and a proposal was received from one Hartman for all of said bonds at par and accrued interest; and thereupon the city council by resolution adopted such bid, and is proceeding to have said bonds lithographed, executed, and issued to said Hartman. Plaintiff prays that the city and its officers be enjoined from issuing the bonds.

1. We cannot hold, as contended by appellant, that the ballot is so complex and misleading as to make the election void; and no good reason is urged for so holding.

2. The claim that the election is void because the words "Yes" and "No" are printed in the ballot after each proposition is disposed of in the case of Truelsen v. City of Duluth, supra.

3. Neither is there anything in the claim that the city cannot, under the charter, issue bonds to build a water plant alone. While the charter calls them "water and light bonds," it clearly provides, by the separate propositions to be voted on, for the issuing of these bonds for building one kind of a plant without also building the other.

4. It is alleged in the complaint that there is no necessity for a new water plant; that the present plant, owned by a private corporation, is adequate and sufficient for the needs of the city and its people, and that the new plant will entail needless expense on the taxpayers. Whether or not a new water plant is necessary is a leg-

islative question, not a judicial one. The court cannot substitute its judgment for that of the city council and the voters of the city.

5. It is alleged in the complaint in the most general terms that there were irregularities in conducting the election; that the judges of election were not selected from the different political parties, but were appointed without regard to party lines, and in many instances all the judges at a polling place were appointed from the same political party; that no proper registration was had prior to the election, and that in many instances the judges of election abandoned their posts, and electioneered in favor of proposition 3, and engaged in such electioneering even in the booths, "and that such electioneering on the part of such judges materially affected the result of said election." But it is not alleged in what manner it affected the result. Neither is it averred that the irregularities changed the result of the election. But, even if it were so alleged, we are not ready to concede that these questions can be raised, and the election set aside, in an action like this, while the statute gives a specific remedy for contesting the election. It appears by the complaint that proposition 3 received a majority of all the votes cast at the election, as well as a majority of all the votes cast on that proposition, and was carried.

No sufficient reason is urged why the result should not be carried into effect. We are therefore of the opinion that the order appealed from should be affirmed.