23    187
o16a  388
o16a  388
16a   389
o16a  395
o16a  403
23    187
d33   101

## SCHWED v. HARTWITZ ET AL.

1. EJECTMENT—NEW TRIALS.

The plaintiff and defendant in actions of ejectment were each entitled, if unsuccessful, to a new trial upon the payment of costs, under section 272 of the code of 1887. This provision has been amended as to allow but one new trial as of course.

2. SAME—COSTS.

Costs paid in an action of ejectment for the purpose of taking a new trial under the statute are not recoverable upon final judgment.

3. SUNDAY—SERVICE OF PROCESS.

Except in the few cases specially provided for by statute, the service of process in a civil action on Sunday would be invalid.

4. TAX SALE NOTICES—SUNDAY PUBLICATIONS.

The publication of notice of sale of real estate for taxes in a Sunday newspaper does not constitute legal notice, and a sale based on such publication is void.

*Appeal from the District Court of Lake County.*

THIS action was instituted under chapter 23 of the Civil Code of 1887, to recover the N. 20 feet of lot 20, in block 4, in St. Louis Smelting & Refining Company's addition to the city of Leadville. At all times while the action was pending in the district court the following provision of the code was in force:

" SEC. 272. Whenever judgment shall be rendered against either party, under the provisions of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case, but neither party shall have but one new trial in any case, as of right without showing cause. And after such judgment is vacated, the cause shall stand for trial, the same as though it had never been tried. * * * "

In the district court three trials were had to the court without a jury. The first resulted in a judgment for defendants. This judgment was set aside and a new trial granted under that statute, upon the plaintiff paying the costs. The second trial resulted in a judgment for plaintiff, and a new trial was granted the defendants under the statute. As a result of the third trial, the defendants obtained a judgment, and from this last judgment the plaintiff, Schwed, brings the case here by appeal.

Mr. A. W. Stone, for appellant.

Mr. A. J. Sterling, for appellees.

Messrs. Baldwin & Gunnell, *amici curiæ.*

Chief Justice Hayt delivered the opinion of the court.

After the second trial, and before the third, plaintiff moved for a writ of restitution upon the following grounds:

1. Because a new trial was granted upon the payment by the defendants of the costs of the second trial only.

2. One new trial having been granted under the statute, the court was without power to grant another.

The first assignment of error is based upon the denial of the foregoing motion. The construction placed by the court upon the statute, as it then existed, was clearly right. It read: "Whenever judgment shall be rendered against either party, * * * the court shall vacate said judgment, and grant a new trial in such case, but neither party shall have but one new trial in any case, as of right."

This language clearly shows that it was intended to give plaintiff and defendant each, if unsuccessful, a right to one new trial upon the payment of costs. This construction is in harmony with the liberal rule adopted by the courts with reference to trials of title to real property, as well as in obedience to the plain intent of the code provision. Since this action was appealed, the code has been changed in this

respect, so that now the first unsuccessful party is alone entitled to a new trial, as of course.

The order allowing the defendants a new trial upon payment only of the costs which had accrued after the first trial was free from error. The statute makes the payment of costs a condition precedent to the right to a new trial, as of course. It is the penalty exacted for such new trial. The first judgment was for the defendants, and when the plaintiff paid the costs and took a new trial, that was the end of that particular transaction. The costs so paid were not costs that could thereafter be recovered upon final judgment, and appellant has no just cause of complaint because a new trial was subsequently granted appellees without their refunding the amount so previously paid.

Plaintiff, to support her title, relied upon a certain tax sale. The notice of this tax sale was published only in the Sunday edition of the "Herald-Democrat," a daily newspaper published in the city of Leadville. The statute provides that:

" The treasurer shall give notice of the sale of real property by the publication thereof once a week for not less than four weeks, in a newspaper published in his county, if there be one; * * * and if there be no newspaper published in the county, the like notice shall be given by posting one written notice the above length of time in each election precinct, in which any land to be sold is situate, and one on or near the door of the treasurer's office, as above provided."

The district court decided that the publication in a Sunday edition only was not legal notice, and that all proceedings thereunder were without force or effect. The publication of the notice of a tax sale is in the nature of the service of process. It will not be contended that outside of a few cases, specially provided for by statute, service of process on Sunday in a civil action would be valid in this state, and the rule that tax sales are invalid, if made upon a notice published only in a Sunday paper, is too well settled to be now open to controversy. If, for any reason, a change is now

desirable, the argument for such change should be made to the legislative department, and not to the courts. *Scammon v. City of Chicago*, 40 Ill. 146; Black on Tax Titles (2d ed.), sec. 210; Blackwell on Tax Titles (5th ed.), sec. 440; *Ormsby, etc., v. City of Louisville*, 79 Ky. 199; *Sawyer v Cargile*, 72 Ga. 290.

The only decision we have been able to find apparently to the contrary is in *Hastings v. Columbus*, 42 Ohio, 585, where it is held that the publication of certain ordinances with respect to street improvements, in a paper published only on Sunday, is sufficient; but this decision is based upon a statute of Ohio, which provides that a summons may be served "at any time." The court says that under this provision a service, whether personal or by publication, upon Sunday, is valid.

In this state, as a general rule, personal service cannot be made on Sunday; hence the entire reasoning upon the Ohio law is in favor of the conclusion reached by the district court.

*Affirmed.*