EDWARD C. BAUMANN v. CITY OF DULUTH and Others.[1]

January 19, 1897.

Nos. 10,460—(302).

**City of Duluth—Water and Light Bonds—Ballot.**

*Held* that, under the form of ballot submitted to the electors of the city of Duluth upon the subject of issuing water and light bonds, and expending the proceeds, propositions 2 and 3 were competing propositions, and that an elector could vote against both, but not in favor of both.

Appeal by the City of Duluth, Henry Truelsen, Mayor, Cyrus T. Crandall, a member of the Common Council, and the Common Council, from a judgment of the district court for St. Louis county, entered in pursuance of the findings and order of Moer, J.   Affirmed.

*Ellsworth Benham*, City Attorney, *Draper, Davis & Hollister*, and *Washburn, Lewis & Bailey*, for appellants.

*Henry F. Greene*, for respondent.

MITCHELL, J.   Assuming to act under the provisions of the city charter (Sp. Laws 1891, c. 55, § 35) the common council of the city of Duluth submitted to the electors the following ballot, to be voted on at the general election held November 3, 1896, pursuant to G. S. 1894, § 6:

| | |
|---|---|
| 1. Upon the proposition of issuing additional water and light bonds of the city of Duluth to the extent of one million six hundred and ninety-five thousand dollars ($1,695,000) for the purpose of erecting or purchasing a water and light plant. | Yes |
| | No |
| 2. Upon the proposition of expending the moneys derived from the sale of said bonds in purchasing a water and light plant already in existence in the city of Duluth, said bonds to be issued and sold by the common council as the same may be needed to pay for said plant, or to discharge or take up the bonded indebtedness of said plant. | Yes |
| | No |
| 3. Upon the proposition of expending the moneys derived from the sale of said bonds in erecting a water and light plant in said city, said bonds to be issued and sold by the common council as the same may be needed for that purpose. | Yes |
| | No |

This ballot was headed by an instruction to the voters to put a cross mark opposite the word "Yes" standing opposite each proposition which they wished to vote for, and a like cross mark opposite

[1] Reported in 69 N. W. 919.

the word "No" standing opposite each proposition which they wished to vote against. The provisions of the statute under which this election was ordered seem to be the source of never-ending trouble, and have already been several times before this court. Truelsen v. City of Duluth, 60 Minn. 132, 61 N. W. 911; Id., 61 Minn. 48, 63 N. W. 714; Janeway v. City of Duluth, 65 Minn. 292, 68 N. W. 24. This form of ballot was held sufficient under the statute in Janeway v. City of Duluth, supra. We did not hold, as the trial court seems to think, that it was not confusing and misleading, but merely that it was not more so than the form which the statute authorized.

At the election in question there were cast, on the first proposition, 6,076 votes in the affirmative, and 4,483 in the negative; on the second proposition, 5,150 votes in the affirmative, and 4,953 in the negative; on the third proposition, 4,404 votes in the affirmative, and 5,350 in the negative. Of the votes thus cast 2,193 voted in the affirmative and 2,247 in the negative on both the second and third propositions. In canvassing the vote the common council counted all these ballots, and declared as the result that propositions 1 and 2 were carried, and proposition 3 defeated. Thereupon Baumann instituted a contest on three grounds, to wit: (1) That the common council had previously exhausted its power under the statute, by submitting to the voters of the city certain propositions on the same subject at the election referred to in Janeway v. City of Duluth, supra; (2) that they had no authority to submit these propositions to a vote of the people at the general election in November, 1896, the same not being "a general city election," within the meaning of the statute; (3) that they did not correctly canvass the vote on the second and third propositions, in that the ballots of those who voted in favor of both of these propositions should have been rejected. The court decided against the contestant on the first and second grounds, for the reason that they involved questions which could not be raised in an election contest, but decided in his favor on the third ground. The city appealed, but the contestant did not.

It must be apparent, from this, that the only questions before us are those involved in the third ground of contest. However desirable it might be to have the questions involved in the first and second grounds settled, any deliverance we might make on them would be purely obiter.

The contention of the contestant is that propositions 2 and 3 were competing and inconsistent propositions, that a voter had a right to vote in favor of only one of them, and, consequently, when he voted in favor of both, he failed to indicate which one he was in favor of, and therefore his ballot should be rejected. On the other hand, the contention of the city and common council is that, although these propositions may be competing, they are independent in form, and, being thus presented on the ballot, each voter is entitled to vote "Yes," or "No," upon each; that although in one sense competing, yet the two propositions are not inconsistent; that it is entirely consistent with the purpose of the statute that an elector who is in favor of proposition 1 may vote in favor of both propositions 2 and 3, and thus favor leaving to the common council the discretion to use the bonds for either purchasing or erecting a water and light plant as they may deem most expedient. They further contend that, if the ballots in favor of both propositions 2 and 3 should be rejected, then, for the same reasons, those against both propositions should also be rejected.

It will be discovered, by computation, that whether these double affirmative and double negative votes are both counted, or both rejected, the result will be the same; that is, proposition 2 was carried and proposition 3 was defeated. It is only by rejecting the former and counting the latter that both propositions will be defeated. The question presented is a perplexing one, and any solution of it will be subject to objections. But the vice is inherent in the plan of voting authorized by the statute, and all that we can do is to apply legal principles to the facts as they exist. The cardinal principle governing all election cases is that the intention of the voter shall prevail, when the ballot itself, upon examination, clearly discloses what his intention was; but, where it is impossible to determine what his intention was, his ballot must be rejected.

We are satisfied that propositions 2 and 3 are competing propositions, in the fullest sense of the term. The scheme of the ballot evidently contemplates that, if a voter is in favor of either, he shall indicate on his ballot which one he is in favor of. If he votes in favor of both, he fails to express his choice as completely as does a voter who votes for two rival candidates for the same office. It is not permissible to give effect to a ballot in favor of both proposi-

tions as meaning that the voter did not care in which of the two ways the money should be expended, but was willing to leave that matter to the discretion of the common council. The scheme of the ballot does not contemplate anything of the kind. It means that, if a voter is in favor of one of the propositions, he shall say which one. If any such discretion is to be reposed in the common council, that must be done, if at all, through the votes on proposition 1, in case it prevails and propositions 2 and 3 are defeated. This could only be upon the theory that proposition 1 is independent and operative, although propositions 2 and 3 are defeated. This is a question to which we shall refer hereafter. Neither will it do to hold that, when an elector voted for both propositions 2 and 3, he was in favor of expending the money for both purposes; for the ballot contemplates that it shall be expended for only one or the other.

But there is no analogy in this respect between the ballots of those who vote in favor of, and those who vote against, both propositions 2 and 3. The votes of the latter are not only responsive to the ballot, but they clearly express the intention and wish of the voter. He is opposed to expending the money for either purpose, and, that intention being clearly shown by his ballot, we see no legal reason why his vote should not be counted. It can be urged with considerable force that the theory upon which the form of ballot was framed was that those who were opposed to issuing bonds at all should expend and exhaust their negative votes on the first proposition, and that the other two were only submitted for the purpose of ascertaining in which one of the two ways the voters wished the money to be expended in case proposition 1 carried. It may be that this was in the mind of those who prepared the ballot; but, if so, they did not adopt a form in accordance with any such theory. It seems to us that the logical consequence of any such argument would necessarily be that no one could vote "No" on either of propositions 2 or 3.

It is further urged that, if it is held that electors might vote against both propositions, but not in favor of both, then a minority voting against proposition 1 might defeat the will of a majority voting in favor of it, by casting a solid vote against both the other two propositions, provided the majority divided their affirmative votes between the two. It must be conceded that this is so, assuming that proposition 1 is not independent, but only operative in case one

of the others prevail. But this cannot be helped. The difficulty lies in the form of ballot which renders such a result possible. Our conclusion is that the court below was right, and the result is that both propositions 2 and 3 were defeated.

Counsel have discussed somewhat the question whether or not proposition 1 is independent, and operative to authorize the issue of bonds for the purpose of either purchasing or erecting a water and light plant, as the common council may elect, although both of the other propositions are defeated. This question is not involved in this appeal, and we express no opinion upon it.

Judgment affirmed.