# CHARLESTON.

KNIGHT *et al. v.* TOWN OF WEST UNION *et al.*

Submitted June 11, 1898—Decided November 16, 1898.

1. MUNICIPAL CORPORATIONS—*Ordinance—Repeal.*

   A subsequent municipal ordinance, fully covering the subject-matter of a previous ordinance, being a substitute therefor, repeals the former by implication, without words to that effect. (p. 196).

2. MUNICIPAL CORPORATIONS—*Bonds—Conduct of Election.*

   In a municipality having less than six hundred voters, an election confined solely to the question of the issue of municipal bonds is not invalid because conducted in the mode prescribed for the election of municipal officers in the absence of political or party nominations. (p. 196).

3. ELECTIONS—*Officers—Informalities in Election.*

 Mere informalities of the election officers in holding, and ascertaining and declaring the result of an election, unless otherwise provided by statute, will not vitiate an election otherwise fair and impartial. (p. 197).

4. MUNICIPAL CORPORATIONS—*Bonds—Ordinance.*

 In an ordinance the authorization of bonds not to exceed six thousand dollars is equivalent, in legal effect, to fixing the amount of such bonds at such sum. In either case, the authorities would only have the right to issue bonds sufficient to cover the purpose for which the ordinance is adopted. (p. 197).

5. MUNICIPAL OFFICERS—*Officers de Facto—Officers de Jure—Acts of Officers.*

 The acts of *de facto* municipal officers, within the scope of their authority and under coler of law, are valid and binding, in the absence of clear proof that they are not the *de jure* officers of such municipality. (p. 197).

6. MUNICIPAL CORPORATIONS--*Taxation—Limit of Taxation.*

 Section 31, chapter 47, Code, authorizes towns and villages chartered under such chapter to levy taxes, not exceeding one dollar on every hundred dollars of property within such municipality. (p. 198).

 Appeal from Circuit Court, Doddridge County.

 Suit by T. K. Knight and others against the town of West Union and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

 W. S. STUART, for appellants.

 WILLIS & STUCK and J. V. BLAIR, for appellees.

DENT, JUDGE:

 Injunction against the issue of waterworks bonds by the municipal authorities, which was dissolved on final hearing by the Circuit Court of Doddridge County. Plaintiffs appeal, and rely upon numerous alleged errors, as follows, to-wit:

 1. As the first assignment of error is merely general and is admitted to be covered by the other assignments, it becomes unnecessary to discuss in specifically.

 2. The second assignment is, in effect, that, at the time of the passage of the ordinance in controversy, there was

already in existence an unrepealed ordinance, relating to the same subject-matter, appearing in the minutes of the council. The adoption of a subsequent ordinance, covering fully and completely the subject-matter of a former ordinance, operates by implication to repeal the same. 23 Am. & Enc. Law, 485.

3. The third, fourth, and fifth assignments relate to the mode of holding the election. The appellants insist that it should have been held under the present, or what is known as the "Australian," ballot system; whereas, it was held in the mode and according to the laws in force prior to the adoption of such system in this State. It is conceded by appellants' counsel that the election was held as provided in section 85, chapter 29, Acts 1895, for the election of municipal officers, in absence of party nominations in municipalities containing less that six hundred voters, and that the town of West Union was a municipality coming within the purview of such law. Section 4, chapter 141, Acts 1872-73, provides: "Such elections shall be conducted in all things according to the laws then in force governing elections and the provisions of the charter of the city, town or village in which they are held." This means in so far, of course, as such provisions are applicable, and is to the effect that such election, when held in a municipality, shall be conducted in all things as elections for municipal officers are conducted; and hence, as it is in no wise a party question, and in a municipality containing less than six hundred voters, it should be conducted as elections for municipal officers are conducted when there are no party nominations. The words, "in which an election is held for municipal officers," are used in opposition to elections held for national, state and county officers, and were not intended to exclude elections held for other municipal purposes. In a simple bond election of this character, it is not reasonable to hold that the Legislature intended it should be held under the intricate and nonapplicable provisions of the Australian ballot system. Nor was there any good reason why the council should postpone the ascertainment of the result until after the fifth day of the election, as no irregularities on its part, as to ascertaining, declaring, and recording the re-

sult, could possibly invalidate the same. Its duties in this respect are merely ministerial, and are subject to correction in the manner provided by law.

4. In the fifth assignment it is insisted that the ordinance is invalid, for the reason that the amount of bonds to be authorized, instead of being fixed at six thousand dollars is fixed at a sum not to exceed six thousand dollars. One expression is equivalent to the other, and in either case it would be necessarily construed to mean that the council was authorized to issue bonds, to the amount of six thousand dollars, if necessary, for the purpose expressed in the ordinance; otherwise not. It is time enough for the council to make provision for the investment of the sinking fund when it accrues.

5. The sixth assignment of error is unsustained, because it clearly appears that the authorities had given sufficient notice, and were proceeding to sell said bonds at public sale, to the highest bidder in writing. The notice was to the public, and was sufficiently explicit to be in compliance with the statute.

6. The seventh assignment of error relates to the conduct of election officers. It is the settled law of this State that misconduct of election officers, which does not affect the result of the election, cannot invalidate such election. *Dial* v. *Hollandsworth*, 39 W. Va., 1, (19 S. E. 557).

7. The eighth assignment attacks the official integrity of the mayor and council of the town. They are admitted to be *de facto* officers, with the title to their offices unimpeached, except in this collateral proceeding, and, unless the contrary plainly appears, they will be presumed to be *de jure* officers, and all their official acts be respected and upheld. Mere vague charges as to their failure to qualify will not render their official acts void.

8. The ninth assignment relates to the title of the ordinance, "An ordinance for the issue of waterworks," which the appellants insist is insufficient to give notice of the subject-matter thereof. This is clearly shown to have been a mere clerical omission in the recordation of the ordinance. It is, however, selfcorrective, as it easily suggests the words necessary to make complete sense. No person was misled thereby, as it appears from the

bill to have been properly corrected in the published copy thereof.

9.    The tenth assignment is: "Because the regular annual levy of the said town for running the same was already 60 cents on the hundred dollars, and the said 25 cents additional direct annual levy is unlawful, and exceeds the limit fixed by said section 1 of chapter 141 of said Acts of 1872-73." A sufficient answer to this is that section 31, chapter 47, Code,—being the chapter under which the town of West Union exists,—authorizes a levy of not exceeding one dollar on every hundred dollars of property, and which, at least, must be regarded as amendatory of section 1, chapter 141, Acts 1872-73, being a subsequent enactment.

10.    The eleventh assignment of error, relating to the term of court at which the injunction was dissolved and bill dismissed, has been cured by the production of the necessary orders showing the appointing and holding of a special term of court in accordance with law, at which this cause was heard and determined.

A careful scrutiny of the record reveals no good reason why the legally expressed will of the voters of the town of West Union should not be carried out by the authorities thereof, within the limitation of the Constitution and laws of this State, and therefore the decree complained of is affirmed.

*Affirmed.*