[No. 4103.]

PHILLIPS INVESTMENT COMPANY, ET AL. v. SCHOOL DISTRICT No. 5, BENT COUNTY, ET AL.

1. SUNDAY—*Election Notice Posted Upon.* The notice for a school district election, upon the question of issuing bonds for raising funds to construct and equip a school-house, may be effectually posted upon a Sunday. (364)

2. ELECTIONS—*Substantial Compliance with Statute.* An election to determine whether a school district shall issue its bonds for a purpose authorized by statute will not be invalidated by technical irregularities, no prejudice to any person appearing, e. g. the failure to publish the notice of the election for the full time prescribed by statute; or the failure of the school board, who acted as judges of the election, to certify to themselves the result of the election, before canvassing the vote, as expressly required by statute (Laws 1909, c. 205, sec. 7). (365)

3. MAXIMS—*Lex non cogit ad vana.* The statute expressly required the judges of certain school district elections to certify the result to the Board of Directors of the district, and provided that the board should, "after receiving such return," canvas the vote and determine the result of the election. (Laws 1909, c. 205, sec. 7) The directors having themselves acted as judges of the election, their failure to certify to themselves what was already within their knowledge had not the effect to invalidate the election. (365, 366)

*Error to Bent District Court.*   HON. A. WATSON McHEN-
DRIE, Judge.

MR. GRANBY HILLYER for plaintiffs in error.

MESSRS. MERRILL & McCARTY for defendants in error.

CUNNINGHAM, P. J., rendered the opinion of the court.

The contention involved in this case presents a naked
question of law.  The facts which are either conceded or not
in dispute are as follows:  The board of directors of the
school district, on petition properly presented, held a special
election for the purpose of voting bonds with which to con-
struct and equip a school building in said district; the election
was held, resulting in a vote of thirteen to nine in favor of
the issuance of the bonds.  The plaintiffs in error, on behalf
of themselves and all other taxpayers similarly situated,
brought an injunction proceeding for the purposes of restrain-
ing the issue or sale of the bonds.  After issues were joined a
temporary restraining order was issued by the judge of the
District Court, but upon final hearing the restraining order
was dismissed.  The court made a general finding in favor of
the defendants in error and denied plaintiffs any relief.

The notices required by the statute for elections of this
character were posted on a Sunday, just twenty days before
the election was called.  The statute prescribes twenty days'
notice.  Plaintiffs in error contend that the posting of the
notices on Sunday was illegal; that such posting was in the
nature of process, and that under the ruling in *Schwed v.
Hartwitz,* 23 Colo. 187, 47 Pac. 295, 58 Am. St. 221, service
of process on Sunday in a civil action is invalid in this state.

The second and only other contention advanced on be-
half of plaintiffs in error is as to the canvassing of the vote,
or rather the failure, as it is alleged, of the board of directors
to canvass the vote.

We will consider the two contentions advanced by plain-
tiffs in error in the order stated.

1. It was ruled in *Schwed v. Hartwitz, supra,* that the publication of a tax sale notice in a Sunday paper is void, and a sale made thereunder accordingly illegal. The tax sale notice involved in the *Schwed* case was published in a Sunday paper only, that is, all the issues of the paper containing the tax sale notice were published on Sunday. It should be borne in mind in this connection that the courts of this state, in common with the majority of the courts of the country, have resolved all doubts in matters of procedure and compliance with statutory requirements in favor of the fee owner in tax sale proceedings. The same strictness is not required, as we shall later on point out, in matters pertaining to elections, even where such elections are conducted for the purpose of determining upon a bond issue. We have no authority or disposition to question the conclusions reached in the *Schwed* case, but we are not disposed to think that the rule therein announced as to Sunday publications should be extended and made applicable to or decisive of election proceedings such as those here under consideration.

If we are correct in our conclusion that the posting of the election notices on Sunday was valid, then the statutory requirement of twenty days was satisfied, and we might with propriety conclude this branch of the case without further comment; but we are satisfied that by the great weight of authority the judgment of the trial court should be sustained, even though Sunday, the day on which the notices were posted, be not considered in reckoning the time the notices were posted, since there is no allegation in the complaint, nor was there any proof on the trial, that the result of the election was in anywise affected (except technically, perhaps) by any defect in the posting of the notices.

In *Seymour v. Tacoma,* 6 Wash. 425; 33 Pac. 1059, it was held that an election notice published but twenty-six days and posted but twenty-six days, when the law required publication and posting for thirty days, was a substantial compliance with the requirements of publication and posting,

where it was plain that the omission had no effect upon the results of the election.   In the Seymour case the Washington court had under consideration the question of the legality of a bond issue.  See also:  *Ardmore v. State*, 24 Okla. 862, 104 Pac. 913; *Town of Grove v. Haskell*, 24 Okla. 707, 104 Pac. 56.

In the Fifth Edition of Dillon on Municipal Corporations (Vol. 2), Section 981, it is said that:

"When there has been a substantial compliance with the requirements of the law, regulating the manner in which elections to pass upon an issue of bonds shall be held, and it appears that there has been a fair election thereunder, the election will not be affected by technical irregularities, and this rule has been held to apply to the time and manner of the publication of notice."

On page 1386, in a foot-note, Judge Dillon cites numerous authorities to support the text quoted; and in Vol. 1, Sec. 374, of the same work, Judge Dillon says:

"It is a canon of election law that an election is not to be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result of the election."

More than a score of cases are cited from various states of the Union supporting this rule, which is in accord with numerous decisions of our own Supreme Court.  See *People v. Earl*, 42 Colo. 238, 94 Pac. 294; *Littlejohn v. People*, 52 Colo. 217, 121 Pac. 159, Ann. Cas. 1913D, 610.  See; also McCrary on Elections, Sec. 225; *Dishon v. Smith*, 10 Ia. 212.

2.   The members of the school board in the present case acted as the judges of the special election, there being but one voting place in the precinct or district.   Under such circumstances it is conceded the statute permits school boards to so act, if they desire.   When the polls had closed, the members of the school board, sitting as judges, counted the votes and announced the result—thirteen to nine in favor of the bond

issue. Thereafter, in the minutes of their meeting, the board made a record of the vote as the same had been announced. It is contended by plaintiffs that under the statute it was the duty of the election judges to certify to the members of the board the result of the election, and it thereupon became the duty of the school board to canvass the returns and make a record thereof. This is clearly the reading of the statute. The query is: Must the election judges, when they chance to be the members of the school board, certify to themselves, as members of the school board, what they already know, and know officially, to-wit: the result of the election? It is admitted by the defendants that they did not so certify the result of the election to themselves, but it is not contended on behalf of the plaintiffs that the vote was not thirteen to nine in favor of the bond issue. The contention of plaintiffs as to the last point, viz: the canvassing of the returns, is not tenable. The authorities which we have already cited upon the question of the sufficiency of the notices will apply equally to the canvassing of the returns. In support of the contention just stated plaintiffs rely upon the opinions rendered in *Krieschel v. Board of County Commissioners,* 12 Wash. 428, 41 Pac. 186; and *Heffner v. Board of County Commissioners,* 16 Wash. 273, 47 Pac. 430.

The opinion in the first case, if the facts were sufficiently similar to make it at all applicable, which they are not, would be weakened by the fact that it was rendered by a divided court, the judges voting three to two. However, the dissimilarity of the facts in the *Krieschel* case makes it of no value whatever as an authority in this case. That case grew out of a special election for the purpose of removing a county seat. The statutes of Washington required that the returns should be certified to the board of county commissioners. The board of county commissioners did not, as did the members of the school board in the instant case, act as the election judges. Moreover, the Washington opinion clearly indicates bad faith on the part of a majority of the board of commissioners, and

that the canvass was dishonestly made and for a sinister purpose.

The other Washington case relied upon by plaintiffs in error, viz: *Heffner v. Board of County Commissioners,* tends to support the contention of the school board in this case, rather than the contention of the plaintiffs in error, for in that case the court held that a canvass of the vote made by the board of county commissioners *long after the time prescribed by the statute for the performance of that duty was not fatal.* On this point the Washington court said:

"No penalty is provided for non-performance, and the canvass, when completed, accomplished the purpose contemplated by the statute, because it determined the result of the election.    And we are, therefore, of the opinion that it was equally as efficacious as if it had been made within the time directed by the legislature."

No court in the country has gone further than the Supreme Court of Washington in brushing aside mere technicalities when the same have been urged for the purpose of overthrowing elections.    See *Murphy v. City of Spokane,* 64 Wash. 681, 117 Pac. 476; *Seymour v. Tacoma, supra; Janeway v. City of Duluth,* 65 Minn. 292, 68 N. W. 24; *Ackerman v. Haenck,* 147 Ill. 514, 35 N. E. 381; *Williams v. Shoudy,* 12 Wash. 362, 41 Pac. 169; *Knight v. Town of West Union,* 45 W. Va. 194, 32 S. E. 163; *Epping v. City of Columbus,* 117 Ga. 263, 43 S. E. 803; Simonton on Municipal Bonds (1896), Sec. 71.

Perceiving nothing in the judgment of the trial court prejudicial to the substantial rights of the plaintiffs in error, the same will be affirmed.

*Affirmed.*