GEORGE D. HAMILTON and Others v. VILLAGE OF DETROIT and Others.[1]

| 83 | 119 |
| s85 | 84 |

May 3, 1901.

Nos. 12,540—(33).

**Village Election—Resolution—Defective Publication.**

> The village council of the village of Detroit, upon petition duly presented under Laws 1893, c. 200, duly called a special election, pursuant to the provisions of G. S. 1894, §§ 1216, 1217, for the purpose of voting upon the proposition contained in the petition,—a proposal for the construction and equipment by the village of an electric light plant. The resolution calling the election provided that ten days' notice of the same should be given by posting notices in three of the most public places of the village, and also by publishing the resolution. The notices were duly posted as required, but the resolution was not published ten days before the election. *Held*, that the failure to publish the resolution ten days before the date set for the election was not fatal to the validity thereof, inasmuch as the statutes were fully complied with by the proper posting of the notices.

**Statutory Requirements—Council Cannot Change.**

> The statutes referred to do not require both a posting and publishing of the notice of election. The village council could not, by resolution or

[1] Reported in 85 N. W. 933.

otherwise, add to or take from the statutory requirements, and a notice of election given either by publishing or posting was a sufficient compliance with the law, even though the council ordered the same to be both posted and published, and there was a failure to publish.

## Assignments of Error.

Other assignments of error considered, and *held* to present no reversible error.

Action in the district court for Becker county to enjoin defendant, village of Detroit, from issuing certain bonds for the purchase of an electric light plant. From an order, Searle, J., dissolving a temporary injunction granted ex parte by the court commissioner, plaintiffs appealed. Affirmed.

*Jeff H. Irish, C. M. Johnston* and *Harris Richardson,* for appellants.

*M. L. Countryman,* for respondents.

BROWN, J.

This action was brought to enjoin the municipal authorities of the village of Detroit from issuing certain bonds of the village. At the time of the commencement of the action plaintiffs obtained from the court commissioner, ex parte, a temporary injunction, which was dissolved by the district court on motion of defendants, and plaintiffs appeal.

The bonds threatened to be issued and negotiated by defendants were authorized by the voters of the village at a special election held on June 23, 1900, for the purpose of establishing and equipping an electric light plant. This action is founded on certain irregularities and defects in the conduct of the election, because of which irregularities and defects it is claimed that the election was a nullity. The complaint sets out the facts very fully, the allegations of which are in the main admitted. But one material question of fact is put in issue by the answer. Plaintiffs allege that the petition for the election, which by the statute authorizing it is required to be signed by twenty-five voters and freeholders (Laws 1893, c. 200), was not signed by the requisite number, and that some of the persons who signed the same were not freeholders or voters of the village. The answer puts this allegation in issue, and, as we view the matter, it presents the only material

issue of fact in the case. There is, however, another issue of fact on the face of the pleadings, in reference to whether the issuance of the bonds would increase the rate of taxation above the maximum allowed by G. S. 1894, § 1639. But as the bonds here in question are expressly authorized by the act of 1893, supra, the general statute can have no application, and the issue is not a material one. It is not claimed that the rate of taxation would be increased above the ten per cent. limit fixed by the act of 1893. All other issues present questions of law only. The facts are not in dispute.

The proceedings looking to the issuance of the bonds were conducted under the provisions of Laws 1893, c. 200. This act provides that every village in this state may issue its bonds for the purpose of raising money for any lawful public improvement, by conforming to the provisions of the act. It then proceeds, and particularly specifies the proceedings to be had for such purpose, the submission of the question to the voters, and the manner of conducting the election. The first essential step required by the law, where the village council does not act of its own motion, is the presentation of a petition, signed by twenty-five voters and freeholders residing within the village, requesting the council to make the designated improvement therein. When such petition is so presented, the council is required to cause the proposition embodied therein to be submitted to the electors of the village at the next annual election, or such special election as the council shall by resolution designate.

1. The first contention of appellants is that the notice of election was not given as prescribed by law, and that for this failure the election was void and of no force or validity. The act under which the election was called and conducted does not provide what notice shall be given. It simply requires the village council, upon the filing of a proper petition, to submit the proposition for the proposed public improvement to the voters of the village at the next annual election, or at such special election as they shall by resolution designate. The act provides for no form of notice or manner of calling the election. Upon the presentation of the petition in question, and on June 11, 1900, the appellant village

council adopted a resolution calling a special election for June 23, following, and providing therein that

"Ten days' notice of such special election shall be given by posting written notices thereof in three of the most public places in the village and by the publication of this resolution."

The notices of election were all duly posted as required by the resolution, but the resolution itself was not published until June 15, eight days before the election was to be held. It is insisted by appellant that because the resolution was not published ten days before the election, the notice required by the resolution was not given. There being no provisions in chapter 200, supra, under which the election was called and conducted, as to the manner of calling the same, we must look to the general statutes governing the calling of such elections for information as to what notice is essential and necessary. G. S. 1894, § 1216, provides for holding an annual village election, and that notice thereof shall be given, either by posting notices thereof in three public places of the village, or by publishing the same in some newspaper published in the village. Section 1217 provides that special elections may be called, but no such election "shall be held unless ten days' notice thereof is given." We find no other provisions on the subject of notice of either general or special elections, nor has our attention been called to any provisions of the law which require notice of a village election, either general or special, to be both posted and published. The only statutory requirement on this subject is that the notice must be either posted or published. If it be either published or posted, the statutes are complied with. The municipal authorities had no power or authority in this instance to modify or change the statutes on this subject, by requiring, by resolution or otherwise, any additional notice to be given. It was wholly unnecessary to both post and publish the notice, and, as the statutes were fully complied with by the posting of the notices, the election was properly called, and notice thereof sufficient, even though that portion of the resolution requiring the same to be published be construed as requiring its publication ten days before the election. It was wholly unneces-

sary to publish it, and, as just stated, the posting of the notices was a sufficient compliance with the statutes. City v. Youmans, 85 Ga. 708, 11 S. E. 865.

2. Appellants also contend that the form of the proposition as submitted to the voters was not in compliance with the law; that it embodied two distinct questions, when only one should have been included therein. The proposition as voted upon is as follows:

"Shall the village of Detroit, Minnesota, purchase, build, establish, and control all necessary and proper buildings, machinery, apparatus, and material for making, generating, and supplying electric light for public and private use in said village, the cost thereof not to exceed the sum of $15,000, said sum to be raised by the issuing and negotiating of the bonds of said village, of the par value of $500 each, payable fifteen years after their date, with interest payable semiannually, at the rate of 5 per cent. per annum?"

We are unable to concur in the claim that this proposition is bad in form, or that it contains more than one question. The sole object of the election was to determine whether the village should establish, build, equip, and pay for an electric light plant for the use of its inhabitants. The plant could not well be established without payment being made therefor, and the question whether the bonds should be issued for that purpose was a very material and essential part of the issue before the people. The statutes do not require any particular form of proposition to be submitted, and, as the one actually submitted was full and complete and plainly informed the voters of the objects and purposes intended to be accomplished in the event of a favorable expression at the polls, it is not open to the objections urged against it, and sufficiently complied with the law. People v. Sisson, 98 Ill. 335.

Objection is also made to the form of the petition presented to the village council, but we find no defect sufficient to warrant holding it defective. With reference to the question whether this petition was signed by the necessary number of voters and freeholders, it may be said that if it was not, and the trial court so finds as a fact, the election was unauthorized, and the proceedings

a nullity. The mere fact that the village council investigated and determined that the signers were freeholders and voters of the village is not conclusive.

The order appealed from is affirmed.