STATE ex rel. HORSLEY v. CARBON COUNTY et al.

No. 2220. Decided March 9, 1911 (114 Pac. 522).

1. COUNTIES—BONDS—ELECTION—NOTICE—SUFFICIENCY. A county bond election notice was not invalid because it did not designate the polling places. (Page 564.)

2. COUNTIES — BONDS — ELECTION — SUBMISSION OF PROPOSITION. A proposition to issue $30,000 county bonds, $25,000 to build bridges and $5,000 to build and repair roads, as one general object, does not state two purposes required to be submitted separately, within Comp. Laws 1907, section 518, requiring an election order to specify the purpose for which the indebtedness is created.[1] (Page 568.)

---

[1] State ex rel. v. Salt Lake City, 35 Utah, 25, 99 Pac. 255.

Application by the State of Utah on the relation of A. W. Horsley, for prohibition against Carbon County and others.

WRIT DENIED.

C. C. McWhinney and G. Iverson for plaintiff.

D. D. Houtz for defendants.

STRAUP, J.

The relator applied for a writ of prohibition to restrain the county commissioners of Carbon County from issuing and negotiating certain bonds voted for at a special election. It is claimed that the commissioners are unauthorized to issue or negotiate the bonds for the reasons that the notice of election was insufficient, and that two purposes for which the indebtedness is to be created were stated and no opportunity given the voters to vote separately upon them. In support of the first, it is contended that the published notice of the election was bad because the polling places of the voting districts were not designated in that notice. Such a question was decided against the relator's contention in the case of *State ex rel. v. Salt Lake City,* 5 Utah 25, 99 Pac. 255.

In support of the second, it is urged that two purposes for the proposed indebtedness were stated, and for that reason it was essential to submit, to the voters, the propositions to create the indebtedness, in such manner as that the voters could vote separately upon them. The statute (Comp. Laws 1907, section 518) provides that: "The board shall by order specify the particular purpose for which the indebtedness is to be created, and the amount of bonds which it is proposed to issue; and shall further provide for submitting the question of the issue of said bonds to the qualified electors of the county," etc. The purpose of the proposed indebtedness, in the order or resolution of the board of the county commissioners, and in the notice of the election, was stated to be "for the purpose of voting bonds in the sum of thirty thou-

sand dollars as follows: Twenty-five thousand dollars for defraying the expenses of bridges in course of construction in Carbon County," naming and describing three bridges, the places and streams at and over which they are building, "and for permanent bridges and culverts over the following streams in said county," naming and describing nine bridges and five culverts, the places of their proposed construction, and the streams over and at which they are intended to be built, "and five thousand dollars for the purpose of completing, improving and repairing the county road through Castle Gate, running through Helper, Spring Glen, Carbonville, Price, Wellington, and thence to Sunnyside." It is said that the stated purpose is double because of the statement that twenty-five thousand dollars of the created indebtedness is to be used to build bridges and culverts, and five thousand dollars to build and repair roads. This, it is claimed, stated two distinct and separate objects or purposes, and proposed two separate and distinct appropriations for them.

If the relator is right in his contention, then, it may be assumed, the commissioners were required to submit to the voters the proposition of creating the indebtedness in such manner as to give the voters an opportunity to vote separately upon such objects or purposes. It is conceded that no such opportunity was afforded them. The proposition was submitted in such manner as that the voter in voting upon it was compelled to vote for or against the whole of it. As submitted he could not vote for bonds for bridges and against bonds for roads, or for roads and against bridges. Under our statute, as under most statutes, the "particular purpose" was required to be stated. In the case of *McMahon v. Board of Supervisors*, 46 Cal. 214, a notice in which the stated purpose was the "construction and improving of the highways in said township, for building bridges," and improving two roads named and specified, was held bad because too general. It was there said that "the specific object as contradistinguished from the general purpose for which the money is to be expended" was required to be stated. In the case in hand it cannot well be said that the purpose

stated in the notice was too general for the particular bridges to be completed and those to be constructed, and the roads to be built, were specified and particularly described. The notice was sufficiently definite in that particular. It readily conveyed to the voter the information of the particular bridges and roads proposed to be completed, constructed, and improved. In the case of *Village of Hemstead v. Seymour,* 34 Misc. Rep. 92, 69 N. Y. Supp. 462, it was held that a submission of a proposition to issue bonds for a gross sum to maintain waterworks and also a village lighting system was invalid for the reason that the purpose was double and the voters not given an opportunity to vote separately on the two propositions. The same conclusion was reached in the case of *Rea v. City of Lafayette,* 130 Ga. 771, 61 S. E. 707, where the purpose was stated to be for waterworks, an electric lighting plant, and maintaining and improving the public schools. To the same effect is also the case of *Truelsen v. Mayor of Duluth,* 61 Minn. 48, 63 N. W. 714. In the case of *McBride v. City of Montesano,* 7 Wash. 69, 34 Pac. 559, the stated purpose to fund twenty thousand dollars of old debts, and to borrow five thousand dollars for future purposes, was held double, and, because the voter was not given an opportunity to express himself separately as to each, the election was held void. In the case of *Leavenworth v. Wilson,* 69 Kan. 74, 76 Pac. 400, the stated purpose to issue bonds in the sum of four hundred thousand dollars "to either purchase and procure the Leavenworth City & Fort Leavenworth Water Company's water plant with all its rights, extensions and property thereunto belonging, or to provide and contract for the construction of a new water plant," was held double, and the election void. That is it was held that the purpose contained two propositions, one for the purchase of an existing plant, and the other for the building of a new plant.

On the other hand, it was held that a stated purpose to construct wagon roads in Mariposa County, one through Beaver Valley to Coulterville, and one from Mariposa to Yosemite, was not double, and was in compliance to "specify

the particular purpose for which the indebtedness is to be created." (*People v. Counts,* 89 Cal. 15, 26 Pac. 612.) In the case of *City of Louisville v. Board of Park Com'rs,* 112 Ky. 409, 65 S. W. 860, 24 Ky. Law. Rep. 38, a submission to issue five hundred thousand dollars of bonds "for the construction of sewers and for the acquisition of tracts of land for park property in the city" was held to be a single and not a double object. And in the case of *Linn v. City of Omaha,* 76 Neb. 552, 107 N. W. 983, a submission to issue sixty thousand dollar bonds for fire engine houses, one for thirty thousand dollars on a particularly described parcel of land, and thirty thousand dollars for the purpchase of a described site and the erection of a fire engine house thereon, was held single and not double.

It is not necessary to consider whether the cited cases are distinguishable upon facts, or are conflicting in principle. Some of them are readily distinguishable. Others may not be. Each case must largely depend upon its facts. Mr. Justice Beck, in the case of *Gray v. Mount,* 45 Iowa 591, put the question well: Is there a union of two distinct objects, and two separate appropriations for them, in one proposition, so that the elector could not vote for one and against the other? He further said: "If there be two objects and a specific amount of funds to be devoted to each, it is very plain that there are two propositions submitted at the same election. If they are submitted together, it is very clear that the voter cannot vote for one and against the other. He must vote against both, whereby he may defeat one, the success of which he desires, or he must vote for both, whereby he may cause the success of one which he desires to be defeated. If he fails to vote, he may thus aid in causing the defeat of his favorite measure, and the adoption of the one he opposes. He has thus no liberty of choice." Here the proposition submitted to issue bonds was to build specifically described roads and bridges. True, it was stated that twenty-five thousand dollars were for certain bridges, and five thousand dollars for certain roads. But the purpose was one general object. A bridge across the streams in the country

in question without some kind of a highway would be useless. A highway without bridges over the streams would be impracticable. Both are but parts of one general object. To say the purpose here was a union of two separate and distinct objects, one might as well say that a stated purpose to purchase a site for a specified sum for school purposes, and to erect a school building thereon for another specified sum, contained, or related to, two separate and distinct objects or purposes and proposed two separate appropriations for them, which would appear to be groundless.

The writ is denied.

FRICK, C. J., and McCARTY, J., concur.