[No. 11358.   Department Two.   July 23, 1913.]

REEVES AYLMORE, JUNIOR, *Appellant*, v. M. L. HAMILTON
*et al.*, *Respondents*.[1]

COUNTIES — BONDS—ELECTION — SUBMISSION—SINGLE PROPOSITION.
An election authorizing a county bond issue for the construction of
various highways and bridges is not invalid as the submission of dis-
tinct and unrelated objects as a single proposition, where it embraced
a comprehensive system of county roads and bridges, although some
of the roads were on islands separated from its companion parts on
the mainland; since that does not destroy the unity of the system.

SAME—BONDS—VALIDATION. The submission of a bond issue for
the construction of various county roads and bridges as a single
proposition is validated by Laws 1913, p. 63, expressly so providing,
where the county commissioners shall find that the proposition has
for its object the construction of a system of county highways, and
validating any such bonds where the submission would have been
authorized under the act, if submitted at any time within one year
prior to the taking effect of the act.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 8, 1913, dismissing an
action for equitable relief, upon sustaining a demurrer to
the complaint.   Affirmed.

*Arthur E. Nafe* and *Reeves Aylmore, Jr.*, for appellant.

*John F. Murphy*, *Robert H. Evans*, and *John P. Hartman*,
for respondents.

MORRIS, J.—It is sought in this action to restrain the sale
of an issue of $3,000,000 of King county road bonds, the
case coming here on an appeal by the plaintiff from a judg-
ment sustaining a demurrer to his complaint.   The facts,
so far as necessary to be stated for a proper understanding
of the question submitted, are these:

On September 30, 1912, the county commissioners of King
county passed a resolution submitting to the qualified electors
of King county the question of whether or not bonds in a

[1]Reported in 133 Pac. 1027.

sum not exceeding three million dollars should be issued for strictly road purposes. Pursuant to this resolution, an election was duly held, and the proposition carried by the requisite majority. The county commissioners thereupon issued the bonds and passed a resolution providing for their sale, when this suit was commenced seeking to enjoin said sale.

No question is raised as to the validity of any of the proceedings prior to the election; and while the complaint alleges a number of reasons why the election and bonds should be held invalid, the main contention, and in fact the only one discussed in the briefs or upon the argument, is that the bonds are invalid because of the fact that, included in the proposition submitted which called for but one affirmative or negative vote, were twenty-seven different roads and fifteen bridges in various parts of the county, it being contended in this connection that each of these roads and bridges is a several and distinct purpose in no way related to each other, thus bringing this case squarely within the rule announced by this court in *Blaine v. Seattle,* 62 Wash. 445, 114 Pac. 164, Ann. Cas. 1912 D. 315, where it was held that a proposition to issue bonds for sites for fire houses, for the construction of fire houses, a site for a city stable, a combined fire house and dock, a police sub-station, an isolation hospital, a bridge on Spokane avenue, and a bridge on Westlake avenue, were eight several and distinct propositions and that their submission as one proposition in such a manner that the voter was compelled to vote for or against all of them, was invalid.

The respondent, on the other hand, contends that the ruling of the lower court should be affirmed upon the authority of *Blaine v. Hamilton,* 64 Wash. 353, 116 Pac. 1076, 35 L. R. A. (N. S.) 577, where it was held that an election to authorize a bond issue was valid where the proposition requiring one affirmative or negative vote included, (1) the excavation of a canal connecting Salmon Bay and Lake Washington, (2) the deepening of the Duwamish river, (3) the diver-

sion of the waters of Cedar river into Lake Washington, and
(4) the erection of wharves or docks in aid or furtherance
of these improvements, and that these purposes were so re-
lated as in fact to constitute one general project for the
creation of a great harbor and utilization and uniting of
the waters in and about it.

With this latter view, we are in full accord. Each of these
*Blaine* cases finds support in two distinct and well recognized
rules. The first is that where different questions are sub-
mitted, when such questions or their subjects and purposes
are not naturally related or connected in such a way as to
require but one affirmative or negative vote, the proceeding
is invalid. It was accordingly held in the first *Blaine* case
that the eight propositions, there submitted as one, were so
distinct, unrelated and independent that they could not be
united or joined as one. The second *Blaine* case finds its
support in the other rule, that where several parts of a prop-
osition submitted as one and calling for but one affirmative or
negative vote are so related, united and dependent as to form
but one rounded whole, such submission is valid; and it was
accordingly held that, it appearing that the four questions
submitted in that case were in aid of one general scheme—the
creation of a great harbor at the city of Seattle and the util-
izing of all adjacent waters for that purpose—the method
of submission there employed was proper. We again had
occasion to review these two rules in *Tulloch v. Seattle,* 69
Wash. 178, 124 Pac. 481, where a like question was submitted
involving the validity of the bonds issued by the city of Seat-
tle for municipal street railway purposes, and it was there
held that the submission of a bond issue was not illegal as
combining several distinct and unrelated objects where the
bonds were to be used for the purchase of existing street
railways, or in the alternative for the construction of parallel
lines, in the discretion of the municipal officers; since the
two purposes were natural related parts of but one object—
the acquiring of a municipal street railway. We there dis-

cussed these *Blaine* cases, and pointed out the distinction between them and drew from them the two rules above advanced in saying that,

"Separate, distinct and independent purposes or objects may not be joined in one proposition for submission to the voter. United, related and dependent objects, that together form one general scheme or plan, may be united and submitted as one. No better illustrations of the application of these two principles may be found than in *Blaine v. Seattle* falling within the first rule, and *Blaine v. Hamilton* falling within the second rule."

With this recent discussion and announcement of the law, it only remains to refer to the facts as clearly bringing this case within the second rule, and within that line of cases to which *Blaine v. Hamilton* and *Tulloch v. Seattle* belong. The proposition submitted embraced but one subject; a comprehensive system of county roads. The fact that it is comprehensive does not destroy its unity. It is one subject composed of many parts, each bearing its relation to the whole and each bearing its relation to every other part. Employing the test suggested in the *Hamilton* case, "Are the several parts of the project so related that united they form but one rounded whole," the facts present a clear case. The whole is the county highway. The several parts are the different roads that together form that highway. Because one of these roads is on Mercer Island separated from the mainland by the waters of Lake Washington, another on Vashon Island separated from its companion parts by the waters of Puget Sound, does not destroy the unity of the system nor make these roads several and distinct projects. They may be several distinct parts of one project, but they all unite to form but one project and that a comprehensive county highway that will furnish a beneficial access to all portions of the county.

In *Oakland v. Thompson*, 151 Cal. 572, 91 Pac. 387, a like question was presented. The city of Oakland sought to acquire several detached pieces of land in different portions

of the city for public parks, and submitted it to the voters as one proposition. This method was questioned under a contention that each piece of land should have been submitted as a several and distinct proposition. The court, in passing . upon this contention, held that, where the scheme had in contemplation the acquisition of several distinct parcels of land widely separated, to be converted into separate parks, it was but a single scheme and the purpose a single purpose.

A like ruling may be found in *State ex rel. Horsley v. Carbon County*, 38 Utah 563, 114 Pac. 522, where the county submitted a proposition to issue bonds to build roads and bridges in the county, as one proposition. The same attack was made as here, that the purposes were several and distinct and could not be united as one proposition calling for but one vote, and it was held the single submission was proper.

There is another reason why these bonds should be sustained. Chapter 25 of the Laws of 1913, page 63, § 1, provides:

"The question of the issuance of bonds for any undertaking which relates to a number of different roads or parts thereof, whether intended to supply the whole expenditure or to aid therein, may be submitted to the voters as a single proposition in all cases where such course is consistent with the provisions of the state constitution. If the county commissioners in submitting any such proposition relating to different roads or parts thereof find that such proposition has for its object the furtherance and accomplishment of the construction of a system of public and county highways in such county, and constitutes and has for its object a single purpose, such finding shall be presumed to be correct, and upon the issuance of the bonds such presumption shall become conclusive."

A subsequent section provides for the validating of any bonds where the submission would have been authorized under this act, had it been in force, if submitted to the people at any time within one year prior to the taking effect of the act. These bonds were submitted within that time, and are

subject to the validating provisions of the act. We therefore conclude the bonds are in all respects valid, and the judgment of the lower court is affirmed.

MAIN, ELLIS, and FULLERTON, JJ., concur.