[Civil No. 1821. Filed December 7, 1920.]

[193 Pac. 838.]

DANIEL E. PARKS, Appellant, v. SCHOOL DIS-
TRICT No. 1 OF YAVAPAI COUNTY, ARI-
ZONA, JOHN W. FLINN, J. HARVEY BLAIN,
MOSES B. HAZELTINE, and THE BOARD OF
SUPERVISORS OF YAVAPAI COUNTY,
ARIZONA, Appellees.

1. EVIDENCE—WHERE NOTICE COMPLIES WITH STATUTE, PRESUMED THAT SCHOOL BOARD HELD MEETING AUTHORIZING BOND ELECTION. As Civil Code of 1913, paragraph 2733, empowers boards of school trustees to organize by electing a president and a clerk, but makes no provision as to calling of formal meetings, and paragraph 2737 provides that an election for purpose of determining whether bonds shall be issued must be called by posting notices signed by the board, etc., it will be presumed, where notices of a bond election which complied with the statute were posted, that a lawful meeting of the board was held, and the validity of the bonds cannot be attacked on the ground that there was no call of lawful meeting of the board.

2. PLEADING—AVERMENTS THAT THERE WAS NO COMPLIANCE WITH STATUTE MERE CONCLUSIONS, REACHED BY DEMURRER.—In an action seeking to enjoin the issuance of school bonds, where the allegations of the complaint showed the publication of notices and the selection of judges in accordance with Civil Code of 1913, paragraph 2738, further allegations that the posting and publication of notice were not authorized or directed as required by law were mere conclusions of the pleader, as to the requirements of the statute, and were properly put in issue by demurrer.

3. SCHOOLS AND SCHOOL DISTRICTS—RETURN BY TRUSTEES AS TO CANVASS OF VOTE AT BOND ELECTION MAY BE AMENDED TO SHOW NOTICE SIGNED.—Where notice of an election to issue school bonds was signed by all of the trustees but the return made of the proceedings pursuant to Civil Code of 1913, paragraph 2740, requiring canvassing by the board of trustees, did not show that the notice was signed by one of the trustees, the omission is a clerical error which would be amendable on petition of the trustees; the complaint itself warranting an inference that the trustee not shown by the return to have signed did in fact sign the notice.

4. SCHOOLS AND SCHOOL DISTRICTS—SELECTION OF JUDGE AT BOND ELECTION TO FILL VACANCY PROPER.—Where one specified to serve as judge at a bond election by a school district pursuant to Civil Code of 1913, paragraph 2738, declined to serve, it was proper to fill his place from among the bystanders, and the election cannot on that ground be invalidated.

5. SCHOOLS AND SCHOOL DISTRICTS—IRREGULARITY IN BALLOTS DOES NOT RENDER BOND ELECTION VOID.—Though words other than "bonds yes" and "bonds no" appeared on the ballots used in election, by school district to determine the question of issuance of bonds, in violation of Civil Code of 1913, paragraph 2739, that is a mere irregularity not reviewable except on the contest of the election and does not render the election void; hence disposition of the bonds on that ground cannot be avoided.

6. SCHOOLS AND SCHOOL DISTRICTS—TERM "SCHOOLHOUSES," IN STATUTE AUTHORIZING BONDS THEREFOR HELD TO INCLUDE ADDITIONS.— Where notice of an election for the issuance of school bonds specified that the money was to be used in building a ward school, an addition to an existing school, and additional school rooms on the grounds of a specified school or elsewhere, the issuance of the bonds cannot be avoided on the ground that Civil Code of 1913, section 2736, subdivision 4, authorizes the issuance of bonds only for the purpose of building schoolhouses complete, for in any event the term "schoolhouses" as used in the title of which the section is a part means buildings owned or controlled by the school district, and an addition to an existing building is as much a schoolhouse as the old building.

7. SCHOOLS AND SCHOOL DISTRICTS—BOND ELECTION NOT INVALID AS SUBMITTING MORE THAN ONE PURPOSE.—Where the call for an election to issue school bonds specified that they were for building a ward school, an addition to a school, and additional rooms on the grounds of a named school or elsewhere, the election is not invalid as submitting for consideration several purposes on which the taxpayers should be allowed to ·vote separately, but there is a single proposition, the equipment and maintenance of public schools in the district.

8. SCHOOLS AND SCHOOL DISTRICTS—IN PUBLICATION OF NOTICE OF BOND ELECTION SUBSTANTIAL COMPLIANCE WITH STATUTE SUFFICIENT.—Where notice of an election for the issuance of school bonds was published for four weeks prior to election, there was a literal compliance with Civil Code of 1913, paragraph 2737, requiring that if a newspaper is published in the county, notice shall be published not less than once a week for not less than three weeks, and hence disposal of bonds is not open to objection on that ground; substantial compliance with the statute being sufficient.

9. SCHOOLS AND SCHOOL DISTRICTS—COMPLAINT TO ENJOIN SALE OF BONDS INSUFFICIENT TO STATE A CAUSE OF ACTION—Complaint by taxpayers seeking to enjoin the sale of school bonds authorized by special election is insufficient to state a cause of action and is open to demurrer, where it appeared on the face thereof that the requirements of the statute had been substantially complied with in all particulars.

10. SCHOOLS AND SCHOOL DISTRICTS—SECRET COMBINATION OF OFFICERS TO SELL BONDS FOR THEIR OWN GAIN WILL NOT INVALIDATE BONDS.—A secret combination of school district officers to sell bonds at a private sale for their own gain will not invalidate bonds otherwise lawfully issued.

11. EVIDENCE—PRESUMPTION OF PERFORMANCE OF OFFICIAL DUTY BY SCHOOL OFFICERS.—It will be presumed, nothing appearing to the contrary, that officers of a school district will perform their official duty and have not combined to sell bonds at a private sale for their own gain.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Affirmed.

---

7. Necessity of stating singly propositions submitted to voters of municipality, notes, 2 Ann. Cas. 369; 12 Ann. Cas. 851; Ann. Cas. 1912D, 319.

Mr. Daniel E. Parks, for Appellant.

Mr. Neil C. Clark, County Attorney, for Appellees.

CUNNINGHAM, C. J.—The appellant, a resident taxpayer, brought this action in his own behalf and in behalf of all other persons similarly situated, to restrain and enjoin the school district, its officers, and the board of supervisors of Yavapai county from issuing and selling $60,000 worth of school district bonds voted on at an election held in the school district on the sixth day of September, 1919. The court sustained the defendants' demurrer to the complaint. The plaintiff elected to stand on his complaint, and, from the judgment for defendants, the plaintiff appeals.

The appellant, plaintiff, bases his cause of action upon the alleged failure of the board of trustees of the school district to comply substantially with chapter 9 of title 11, Revised Statutes of Arizona of 1913, in the following particulars, generally stated, viz.: First, in failing to follow the statute in calling the bond election; second, in failing to appoint one of the three judges who held said election; third, in submitting more than one proposition to be voted upon at said election; fourth, in failing to use ballots at said election which the statute requires to be used; and, fifth, in failing to show, on the face of their returns of the proceedings to the board of supervisors of the county, a record showing that all of the requirements of the statute have been complied with in the matter of authorizing the issuance and sale of the bonds.

The complaint sets forth the notice of the call of the school bond election, at length, as the same was posted in the district on the eighth day of August, 1919, and as published in the daily "Arizona Journal-

Miner'' on the twelfth, nineteenth, twenty-sixth days
of August, and on the second day of September, 1919,
noticing a call for such election on the sixth day of
September, 1919. The notice purports on its face to
have been posted and published, to wit, by order of
the board of trustees of said school district, N. B.
Hazeltine, president; J. Harvey Blain, clerk; John
W. Flinn, member trustee of school district No. 1,
Yavapai county, Arizona.

The notice of the call of the election contains
everything required by paragraph 2738, Revised Stat-
utes of Arizona of 1913, to be stated in such notice.
As I understand the appellant's contention, the notice
itself is without criticism; it is the failure of the
board of trustees of the district to meet in a lawful
manner and at such meeting issue the call for the
election and order the notice of the call posted and
published that invalidates the proceedings. Of
course, this contention is striking at the incipiency of
the proceedings; contending that, if the proceedings
to initiate a bond election were not commenced as re-
quired by the statute, the proceedings following would
not serve to create a bonded indebtedness against the
district. The plaintiff seeks to raise this question of
authority by the following allegations, to wit:

Par. 6. ''That as plaintiff is informed and verily
believes, the posting and publication in the daily
'Arizona Journal-Miner' newspaper as aforesaid, of
said supposed notice, the calling of the supposed
bond election therein mentioned, and the appointment
of the judges of election was, and were, not author-
ized or directed by the board of trustees of said de-
fendant school district, as required by law, by reason
whereof the said supposed notice of election, and its
posting and publication, as aforesaid, was and were
unlawful and void and of no lawful force whatever,
and the designation of the names of the judges of
election therein was unlawful and void, conferring on

the persons named as judges no power or authority to hold such supposed election."

The paragraph refers to three things: First, that the notice of the election was not posted and published as required by law; second, that the election was not called by the board of trustees as required by law; and, third, that the judges of election were not appointed as required by law.

The allegations certainly are not very clear in pointing out the failure of the board of trustees to assemble in formal meeting when they issued the call for the election, appointed the judges to hold the election, and ordered the notice of the call to be posted and published.

The appellant contends, in argument, that the paragraph of the complaint under consideration is an allegation of the "fact of nonaction of the school board in calling the election," and argues that a call of such election cannot lawfully be issued under the authority of paragraph 2736, Revised Statutes of Arizona of 1913, unless the whole board is assembled in a lawful meeting and the call for the election is ordered at such meeting; that the members of the board acting other than at an organized board meeting act as individuals, and their acts do not bind the district, citing *State* v. *Treasurer of Liberty Twp.,* 22 Ohio St. 144.

Such rule is a just rule and is a safe rule to follow. However, paragraph 2733, Revised Statutes of Arizona of 1913, empowers the boards of school trustees (subdivision 1) to meet and organize by electing one of their number president of the board, and one of their number the clerk of the board, and notify the county school superintendent of the same; and "(2) to prescribe and enforce rules not inconsistent with law or those prescribed by the state board of educa-

tion for their own government and the government of the schools.''

The first duty of the clerk of the board of trustees is: (1) To act as clerk of the board and keep a record of its proceedings, and ''(3) to keep his records and accounts open to the inspection of the electors of the district. . . . ''

The plaintiff does not allege that any law or any rule prescribed by the state board of education required the board of trustees of school district No. 1 of Yavapai county to assemble in a formal meeting and by formal, written resolutions call an election to vote bonds of the district and appoint three persons as judges to hold such election. Certainly, the records of the clerk of the school district must show affirmatively that the board of trustees did issue the call and order notices of the call to be posted and published and that such action was taken by the board at a board meeting.

The statute upon this matter seems clear. Paragraph 2737, Revised Statutes of Arizona of 1913, is:

''An election for the purpose of determining whether the bonds of the district shall be issued must be called by posting notices signed by the board in three public places in the district, for not less than twenty days before the election, and if there is a newspaper published in the county, by publishing such notice not less than once a week for three successive weeks.''

The notice was posted and published, as shown upon the face of the complaint, was signed by the board and was posted and published the required period of time before the election. The statute says, plainly, unequivocally, and literally that—

''An election for the purpose of determining whether the bonds of the district shall be issued must be called by posting notice signed by the board,'' etc.

The complaint, on its face, shows clearly that the statute was literally followed in calling the election— the notice signed by the board and posted and published is all that the statute requires to call the election. We must presume that the lawful meeting was held when the call was made.

Paragraph 2738, Id., prescribes the contents of the notice of the call which is required to be posted and published. The notices posted and published contained the names of these persons, to wit, J. M. W. Moore, R. H. Burmister, and F. G. Brecht, appointed as judges to conduct the election and return the results as required by subdivision 2 of paragraph 2738, *supra*. The notice contains all of the facts said paragraph 2738 required it to contain. Consequently the allegations of the complaint to the effect that the posting and publication of the notice of the call of said election and the appointment of the judges to hold said election "was and were not authorized or directed by the board of trustees . . . as required by law" is a mere opinion of the pleader as to the requirements of the statute in that respect and is properly put in issue by a demurrer. The complaint shows upon its face that the notice of the call of the bond election, the posting and publication of the notice, and the appointment of the judges to conduct the election—all was done and performed by the board of trustees of the school district in strict conformity with the statute in such case provided.

Paragraph 2740, Revised Statutes of Arizona of 1913, requires the board of school trustees to meet on the seventh day after the bond election and canvass the returns. "If it appears that a majority of the votes cast at said election were in favor of issuing such bonds, then the board shall cause an entry of that fact to be made upon its minutes and shall certify to the board of supervisors of the county all the

proceedings had in the premises, and thereupon the board of supervisors shall be, and they are hereby authorized and directed to issue the bonds of such district, to the number and amount provided in such proceedings. . . . ''

The complaint does not attack the sufficiency of the proceedings certified by the board of trustees to the board of supervisors, except in the particular ''that Moses B. Hazeltine, one of the trustees of said defendant school district, did not sign the said proposed notice of bond election'' which was returned to the board of supervisors.

The complaint otherwise alleges that the notice as posted and published was signed by all of the trustees of the district, including M. B. Hazeltine. It nowhere appears in the complaint that Moses B. Hazeltine is a person other than M. B. Hazeltine who was a trustee of the school district. The pleader must have intended to allege that the return of the proceedings included a paper purporting to be a copy of the notice of the call of the election which failed to show the name of M. B. Hazeltine as signed thereto, and was therefore incorrectly certified. Evidently, if the notice of the call of the bond election was in fact signed by all of the trustees, as alleged in the complaint, and the return made of the proceedings shows that the notice was signed by only two of the trustees, the omission was a clerical error and would be amendable on application of the trustees.

The complaint further shows that F. G. Brecht, appointed as one of the judges to conduct the election, did not appear and qualify as such judge, and that one William Nelson acted as such judge in the place of F. G. Brecht. The plaintiff complains that this filling of the place of the person appointed by the trustees, as shown in the notice of the call, invalidated the election. I think not. Two of the judges

appointed by the board of trustees did act, and it is the policy of our election laws to fill vacancies on the election boards from bystanders so as not to delay the elections. No just complaint can be made of such acts.

The plaintiff complains that the ballots used at the election did not meet the requirements of paragraph 2739, Revised Statutes of Arizona of 1913, for the reason that words other than "bonds yes," and "bonds no" appeared on the ballots.

This is an irregularity not reviewable except upon the contest of the election and concerns only the district, and, as I understand the law of this jurisdiction, mere irregularities in the conduct of such election or in the notice or in the return or canvass of the votes do not make the election void. *Howard* v. *Luke,* 18 Ariz. 563, 164 Pac. 439.

The plaintiff further alleges that the proposition submitted at the election consisted of several questions and subjects, and therefore did not substantially conform to the statute, to wit, subdivision 4 of paragraph 2736, Revised Statutes of Arizona of 1913. The notice of the call of the election states that the election is called "for the purpose of deciding whether the negotiable coupon bonds of said school district shall be issued and sold by said district for the purpose of raising money, viz., $60,000 for building schoolhouses, viz., a ward school in South Prescott, an addition to the Manual Arts Building, and additional schoolrooms on the grounds of the Washington school or elsewhere, all in said district, and supplying the same with furniture and apparatus, improving grounds and purchasing necessary sites, and to liquidate any indebtedness already incurred for such purposes."

The appellant contends that subdivision 4 of paragraph 2736, Revised Statutes of Arizona of 1913, authorizes the issuance of the bonds of the school district for the purpose of building schoolhouses complete, to wit, "the construction of a complete schoolhouse as a unit whole, and not that of parts," is the language of appellant's brief. The appellant concedes that the expression, "a ward school in South Prescott" may be construed to mean a complete schoolhouse, but the "additional schoolrooms are not complete schoolhouses and as a consequence they are not within the statute; that the building of additions to schoolhouses falls within the scope of repairs and the expense of which must be met and paid for as are repairs and other like expenses out of money raised from sources other than from district bonds."

Schoolhouses, as used in chapter 9, title 11, Revised Statutes of Arizona of 1913, means the buildings owned or controlled by the school district, in which the public schools are assembled and conducted for the school district. These schoolhouses may consist of one or more rooms, of one or more separate buildings. Portions of the schoolhouse may be erected and occupied for years and another part added thereto. The part added is as truly a schoolhouse as the older part was a schoolhouse before the addition was made. Clearly, it is the principal purpose for which the house, addition, or rooms are intended to be used by the district that ought to determine whether or not it is a schoolhouse. The mere name used by the board of trustees in describing the kind of schoolhouse which it is proposed to build is not controlling. The general purpose of the election, expressed in the notice, was to build schoolhouses and furnish needed equipment for holding the public schools. The notice was not calculated to deceive the voters, but to give specific information. The different

objects for which the money was intended to be used constitutes the whole purpose of the call. They were not separate purposes. The statute does not require the notice of election to specify the separate amount of the money raised from a sale of the bonds for each item of the proposed improvements. In *Howard* v. *Independent School Dist.*, 17 Idaho, 537, 106 Pac. 692, the notice of the election specified that the money received from the sale of the bonds was to be used in the purchase of three school sites and for the erection of three separate school buildings in different sections of the school district. The taxpayers contended that there were submitted necessarily three separate propositions, and that the voter was entitled to an opportunity to vote for any one and against the others, or against any one and for the other propositions. The court denied this contention and held that the objects are all parts of one purpose, viz., the equipment for maintaining public schools within the district. The following cases are cited as upholding that contention: *Hubbard* v. *Woodsum*, 87 Me. 88, 32 Atl. 802; *Hamilton* v. *Village of Detroit*, 83 Minn. 119, 85 N. W. 933; *Rock* v. *Rinehart*, 88 Iowa, 37, 55 N. W. 21; *Gifford* v. *Transportation Co.*, 10 N. J. Eq. 177. To these cases I add *Miely* v. *Metzger*, 97 Kan. 804, 156 Pac. 753, and *People* v. *Caruthers School Dist.*, 102 Cal. 184, 36 Pac. 396.

Other objections to the issuance of the bonds are that the notice of the call of the bond election was not published six times in each of the three weeks of publication before the election. The statute, paragraph 2737, requires that the notice shall be published, "if there is a newspaper published in the county, by publishing such notice not less than once a week for three successive weeks." It is conceded by the complaint that the notice was published once a week for four weeks prior to the election. In *Hicks*

v. *Krigbaum*, 13 Ariz. 237, 108 Pac. 482, the court quotes with approval from 15 Cyc. 324, to wit:

"The sole purpose of this being to warn the electors that an election is to be held, it is generally held that a substantial compliance with the statute is all that is required."

The complaint in this case shows, upon its face, that the conditions of the statute requiring the publication of the notice were literally complied with.

The complaint fails to state facts showing that chapter 9 of title 11, Revised Statutes of Arizona of 1913, has been substantially deviated from by the defendants. On the other hand, the complaint on its face shows that the requirements of the statute have been substantially observed in every essential particular, and therefore the complaint fails to state a cause of action.

I do not overlook an indirect reference in the complaint to the point that some secret combination of the school district officers is supposed to have been formed for the purpose of selling the bonds when ready for sale, at a private sale and without competitive bidding, for private gain. This, if true, would not invalidate the bonds; but a sale of the bonds in such circumstances would be questionable. This question was not seriously pressed by the appellant, and we presume the officers will not violate the law.

There being no reversible error on the record, the judgment is affirmed.

ROSS and BAKER, JJ., concur.