No. 27,028.

THE BOARD OF EDUCATION OF THE CITY OF PITTSBURG, SCHOOL DIS-
TRICT No. 49, *Plaintiff*, v. W. E. DAVIS, State Auditor of the State
of Kansas, *Defendant*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Bond Election—Limitation as to Amount*. Section 72-1704 of the
Revised Statutes prohibits the issue of bonds in excess of the amount therein
named; it does not prohibit voting more than that amount.

2. MUNICIPAL CORPORATIONS—*Election on Question of Bond Issue—Ballots —
Dual Propositions*. A call for a special election which submits the following
for adoption or rejection:

"Shall the board of education of the city of Pittsburg, Kansas, issue its
bonds in the sum of $450,000 for the purpose of purchasing sites for school
buildings, and for the purpose of constructing additions to school buildings,
and for the purpose of constructing new school buildings in the city of
Pittsburg, Kansas?"

submits but one proposition and need not be divided.

3. SAME—*Election on Question of Bond Issue—Notice*. Section 10-120 of the
Revised Statutes does not require that the notice calling a special election
shall, when published in a daily newspaper, be first published on Wednesday
or Thursday.

Original proceeding in mandamus. Opinion filed April 10, 1926. Writ
allowed.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett*, all of Pittsburg, for the
plaintiff.

*Charles B. Griffith*, attorney-general, and *W. C. Ralston*, assistant attorney-
general, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action, one in man-
damus, to compel the defendant to register $180,000 of school bonds
issued by the plaintiff. The defendant has filed a motion to quash
the alternative writ.

1. The first proposition urged by the defendant in support of
his motion is "whether or not the board of education of the city of
Pittsburg, Kansas, in the proceedings leading up [to] the issuance
of the bonds in this case, asked for an issuance of bonds, and the
voters at the election authorized the issuance of bonds in excess of
the statutory limitation." The alternative writ discloses that the

Counties, 15 C. J. p. 622 n. 55. Schools and School Districts, 35 Cyc. pp.
989 n. 77, 990 n. 84, 991 n. 87, 90.

property valuation of the city of Pittsburg is $19,440,935; that it has outstanding school bonds of prior issues in the sum of $403,000; and that the proposition submitted to the voters was for $450,000 for carrying out a building program which called for a constructive program of $755,000. The defendant argues that the amount voted exceeds the three per cent limit fixed by law for bonds that may be issued for school purposes by the plaintiff. (R. S. 72-1704.) The amount issued and which the defendant is asked to register does not exceed that limit.

In *Turner v. Comm'rs of Woodson Co.*, 27 Kan. 314, 316, the court said:

"The prohibition in the statute is on the issue of the bonds. Its language is: 'No township shall be allowed to issue more than,' etc., so that whatever amount the township may be willing to vote, and whatever amount they may by their vote authorize the commissioners to issue, the statute steps in and prescribes a limit beyond which the commissioners may not go." (See, also, *C. K. & W. Rld. Co. v. Commissioners of Osage Co.*, 38 Kan. 597, 605, 16 Pac. 828; *C. K. & W. Rld Co. v. Ozark Township*, 46 Kan. 415, 426, 26 Pac. 710; *City of Oswego v. Davis*, 97 Kan. 371, 373, 154 Pac. 1124; 15 C. J. 622.)

The fact that the voters authorized the plaintiff to issue $450,000 in bonds does not justify the defendant in refusing to register an issue of $180,000, because that amount, together with bonds already issued, does not exceed the three per cent limit fixed by section 72-1704 of the Revised Statutes.

2. The next proposition urged is "whether or not the building program outlined by the board of education of the city of Pittsburg, Kansas, in providing for the expenditure of $755,000 and the issuance of $450,000 of bonds and the several different propositions contained in the program outlined by the board of education and all voted upon as one proposition, would render the issuance of bonds illegal and void." The program adopted by the board of education of the city of Pittsburg called for the expenditure of $755,000, and included several separate and distinct building propositions. The proposition submitted to the voters of the city for the $450,000 of bonds to be issued by the plaintiff was intended to cover several separate and distinct building propositions, but did not include all that were included in the $755,000 program. The proposition submitted to the voters was: "Shall the board of education of the city of Pittsburg, Kansas, issue its bonds in the sum of $450,000 for the purpose of purchasing sites for school buildings, and for the purpose of con-

structing additions to school buildings, and for the purpose of constructing new school buildings in the city of Pittsburg, Kansas?" It is argued by the defendant that the question submitted should have separated the several separate and distinct building propositions in such a manner that the voters could have voted for or against any one of them.

Section 10-120 of the Revised Statutes, in part, reads:

"If more than one proposition or question be submitted on said ballot the different propositions or questions shall be separately numbered and printed and be separated by a broad solid line one-eighth of an inch wide."

A question similar to the one here presented was under consideration in *Thomas v. Covell*, 119 Kan. 684, where the court said:

"When several propositions to issue municipal bonds for various purposes, including acquisition of land, erection of public buildings, and making public improvements, are submitted on one ballot, together with a proposition to sell real estate, the instruction to voters required by R. S. 25-605 should be printed across the top of the ballot, and the instruction required by R. S. 10-120 should be printed after each bond proposition.

"A proposition in the form following is not dual, but presents a single municipal project, to be approved or disapproved as a whole:

" 'Shall the mayor and board of commissioners of the city of Topeka be authorized and directed to acquire land for a site in the city of Topeka and establish and construct a public library building thereon, and to issue bonds of said city in a sum not exceeding $275,000, as provided by law, to pay therefor?' " (Syl. ¶¶ 1, 2.)

If the argument of the defendant were correct, every proposition submitted for adoption would have to be separated into its last details. That is not the intention of the law. It intends that a single question as a whole shall be submitted as a whole. Here was a question of providing proper school facilities—one proposition, and it was properly submitted as such.

3. Another proposition urged is "whether or not there was a sufficient notice of the bond election given." This involves the interpretation of part of section 10-120 of the Revised Statutes. So far as pertinent, that statute reads:

"Whenever an election is required for the issuance of bonds for any purpose by any municipality . . . the proper municipal officers shall call an election. . . . Notice of such election shall be published in a newspaper of general circulation in the municipality once each week for three consecutive weeks, the first publication to be not less than twenty-one days prior to such election; if in a weekly, semiweekly or triweekly paper, on any one day of the week upon which such paper is published; if in a daily paper, on Wednesday or Thursday of each of the three consecutive weeks."

The notice was published in a daily newspaper published in Pittsburg. A sufficient notice was first published on November 14, 1925, which was on Saturday, and was published on every day thereafter except Sunday in each week until the election on December 7, 1925, the day on which the election was called. We copy from the defendant's brief as follows:

"The first publication of the bond election notice was on Saturday, November 14, 1925. The notice was published for three consecutive weeks on Wednesday (November 18, November 25, and December 2, 1925), and for three consecutive weeks on Thursday (November 19, November 26 and December 3, 1925), but the first publication on Wednesday, November 18, 1925, was only nineteen days prior to the bond election on December 7, 1925. The statute requires such publication to be not less than twenty-one days prior to such election. The notice was not published as the statute requires. The bond election on December 7, 1925, was void."

The statute provides for publication in a newspaper of general circulation in the municipality; that was done. It provides for publication once each week for three consecutive weeks; the notice was published on each day except Sunday for three consecutive weeks. The law provides that the first publication shall be not less than twenty-one days prior to the election; the first publication was twenty-two days before the election. The statute provides that if the publication be in a daily, it must be published on Wednesday or Thursday of each of the consecutive weeks. The statute does not provide that the first publication shall be on Wednesday or Thursday, nor that the first publication on Wednesday or Thursday shall be twenty-one days previous to the election when continuously published in a daily newspaper. The notice was published as required by law.

Another matter urged by the defendant is "whether or not the city of Pittsburg, Kansas, together with the territory attached thereto for school purposes or the board of education constitutes a school district for the issuance of bonds under the laws of the state of Kansas." The court deems it unnecessary to decide this question. The plaintiff attempted to proceed under section 10-120 of the Revised Statutes. No other statute is cited under which the plaintiff might have proceeded, or did proceed. The defendant is objecting to registering the bonds on the ground that section 10-120 was not complied with.

The motion to quash is denied, and a peremptory writ is allowed.