## FRANK R. BUHL AND OTHERS v. JOINT INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 11, BIG STONE AND TRAVERSE COUNTIES, AND OTHERS.

82 N. W. (2d) 836.

May 3, 1957—No. 37,059.

*Johanson, Winter & Lundquist* and *Benson & Schreiner,* for appellants.

*Thomas J. Stahler* and *J. F. Fahey,* for respondents.

KNUTSON, JUSTICE.

On February 7, 1956, pursuant to a resolution previously adopted by the school board, the following question was submitted to the voters of Joint Independent Consolidated School District No. 11 of Big Stone and Traverse Counties, Minnesota:

"Shall Joint Independent Consolidated School District No. 11 of Big Stone and Traverse Counties, Minnesota, borrow money by issuing its negotiable coupon general obligation bonds in an amount not to exceed $450,000 for the purpose of the acquisition and betterment of schoolhouses of the district?"

The question was answered in the affirmative by a majority of the voters, 306 to 268. This action was commenced by certain resident taxpayers and voters of the school district to set aside the election and to enjoin and restrain defendants, the school district, the board, and the superintendent, from issuing or selling bonds under the authority of such election. Plaintiffs contended, among other things, that double propositions had been submitted in the question since it provided for the acquisition *and* betterment of schoolhouses. Both plaintiffs and defendants moved for summary judgment. Defendants' motion was denied. Plaintiffs stipulated that the only evidence which would be submitted in the event of a trial would be the ballot used in the election, and all parties agreed that the court could issue its decision on plaintiffs' motion on consideration of the pleadings and the ballot without trial of any other issue involved. Plaintiffs' motion for summary judgment thereafter was granted, and judgment was entered setting aside the election and enjoining and restraining defendants from issuing or selling any bonds purportedly authorized by the election in controversy. Defendants appeal from this judgment.

The parties agree that the only legal issue involved on this appeal is whether the question submitted to the voters complied with the law, particularly with the mandate of M. S. A. 124.02, subd. 2, which provides in part as follows:

"* * * Each proposition or question submitted shall be stated separately in the notice and on the ballots."[1]

Plaintiffs contend that the issue here involved was decided by this court in Green v. Independent Consol. School Dist. No. 1, 243 Minn. 519, 68 N. W. (2d) 493. We cannot agree. The Green case involved a question submitted to the voters containing three *alternative* proposals, selection of which was left to the discretion of the school board. This is not the same as the question presented by this appeal. We specifically distinguished the form of question which combined several proposals constituting segments of a particular improvement

---

[1]The application of this section to a district maintaining more than one school is discussed in Green v. Independent Consol. School Dist. No. 1, 243 Minn. 519, footnote 6, 68 N. W. (2d) 493, footnote 5.

plan and further declined to discuss the "double question" problem, i. e., proposals expressed in the conjunctive. It is the contention of defendants, on the other hand, that the decision in the Green case militates for rather than against a holding in their favor. They argue that, in that case, we impliedly sanctioned a proposition calling for acquisition *and* betterment of schoolhouses in our enumeration of a third alternative (243 Minn. 522, 68 N. W. [2d] 495) "a combination of new construction and improvement." We think that it is clear, however, that the decision was concerned solely with the illegality of the *alternative* proposals and there was no consideration of the merits of the individual alternatives as such.

Practically all the foreign cases considering similar questions recognize the basic rule that a separate proposition must be placed on the ballot for each distinct and independent object or purpose for which indebtedness is contemplated.[2] This rule is recognized even without an express constitutional or legislative mandate such as § 124.02, subd. 2.[3] The reason for the rule is that submitting double propositions at elections may easily be used for log-rolling purposes and deprive the voter of his liberty of choice.[4]

While there is no decision by this court precisely in point, Hamilton v. Village of Detroit, 83 Minn. 119, 85 N. W. 933, involved a similar question. In that case the ballot read as follows (83 Minn. 123, 85 N. W. 934):

"Shall the village of Detroit, Minnesota, purchase, build, establish, and control all necessary and proper buildings, machinery, apparatus, and material for making, generating, and supplying electric light for public and private use in said village, the cost thereof not to exceed the sum of $15,000, said sum to be raised by the issuing and negotiating of the bonds of said village, of the par value of $500

---

[2]See cases collected in Annotation, 4 A. L. R. (2d) 617.

[3]City of Denver v. Hayes, 28 Colo. 110, 63 P. 311.

[4]Supervisors of Fulton County v. Mississippi & Wabash R. Co. 21 Ill. 338; Gray v. Mount, 45 Iowa 591; Lewis v. Commrs. of Bourbon County, 12 Kan. 186.

each, payable fifteen years after their date, with interest payable semiannually, at the rate of 5 per cent. per annum?"

In holding that this ballot contained only one proposition, we said (83 Minn. 123, 85 N. W. 934):

"We are unable to concur in the claim that this proposition is bad in form, or that it contains more than one question. The sole object of the election was to determine whether the village should establish, build, equip, and pay for an electric light plant for the use of its inhabitants. The plant could not well be established without payment being made therefor, and the question whether the bonds should be issued for that purpose was a very material and essential part of the issue before the people. The statutes do not require any particular form of proposition to be submitted, and, as the one actually submitted was full and complete and plainly informed the voters of the objects and purposes intended to be accomplished in the event of a favorable expression at the polls, it is not open to the objections urged against it, and sufficiently complied with the law."

Cases from other jurisdictions are collected in an exhaustive note in 4 A. L. R. (2d) 617. It would serve no useful purpose to review them here. The general rule gleaned from the authorities is that in order to constitute a single proposition or question there must exist a natural relationship between the objects covered by the ballot so that they form but one rounded whole or single plan.

While cases may be found which support the view that a ballot covering both acquisition of new facilities and improvement of old ones constitutes two separate propositions or questions, the vast majority of cases are to the contrary.[5] In these days of rapid consolidation and reorganization of small school districts into larger ones, it frequently becomes necessary to build new schoolhouses and rehabilitate or remodel existing facilities so as to conform to a new use for a larger enrollment, all as part of a united and integrated plan which will enable the school district to handle the new school

[5]See, for instance, Kellams v. Compton (Mo.) 206 S. W. (2d) 498, 4 A. L. R. (2d) 612, with Annotation at 617.

population. As long as the ballot includes one related and integrated plan, it states only one proposition or question, even though it might include acquisition of new units and betterment or remodeling of old units. As stated above, the purpose of requiring one proposition on the ballot is to prevent "log-rolling" by including two or more unrelated propositions on one ballot, thereby compelling the voters to accept an undesirable improvement in order to procure a desirable one. Basically, the purpose of requiring each proposition or question submitted to the voters to be stated separately is no different from the purpose for which Minn. Const. art. 4, § 27, which provides that "No law shall embrace more than one subject," prohibits the combination of unrelated subjects. The test to be used in determining duplicity under this constitutional provision was clearly stated in Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 A. S. R. 382, and has been followed consistently since. That rule is that, to constitute duplicity of subject matter in violation of this constitutional proscription, an act must embrace two or more dissimilar and discordant subjects which cannot reasonably be said to have any legitimate connection.[6]

The vice of the ballot in Green v. Independent Consol. School Dist. No. 1, 243 Minn. 519, 68 N. W. (2d) 493, was that it was drafted in the alternative so that, *after the election,* the school board could determine which of the three alternatives they should adopt. Here the voters knew that they were voting funds to acquire new facilities and better the old ones. The school board had no discretion after the election. While it might have been better if this case had been submitted on a more complete record, it is safe to assume that the voters were well informed as to what was contemplated before the election was held. After the election the school board was charged with the duty of using the money for the purpose for which it was voted, that is, both acquiring new school buildings and improving the old ones, all as one integrated and related plan of school im-

---

[6]Sverkerson v. City of Minneapolis, 204 Minn. 388, 283 N. W. 555, 120 A. L. R. 944; City of Duluth v. Cerveny, 218 Minn. 511, 16 N. W. (2d) 779.

provement. Under these circumstances, it seems clear to us that the purpose stated involved only one proposition.

Since the above was written, our legislature has enacted L. 1957, c. 318, amending M. S. A. 475.59. Defendants have now moved the court to dismiss the appeal and for an order declaring the election involved in this case valid on the ground that the questions raised by the appeal have become moot. Plaintiffs have raised certain constitutional questions in opposition to such motion if the act is to be given retroactive effect. In view of our decision on the merits, it is not necessary for us to pass upon the constitutional question. The motion is denied.

Reversed.

DELL, CHIEF JUSTICE (dissenting).

I dissent. I regard this case as one of first impression here. The case of Hamilton v. Village of Detroit, 83 Minn. 119, 85 N. W. 933, relied upon in the majority opinion, to me seems clearly distinguishable. There this court held that a proposition submitted to the voters for the establishment of an electric-light plant and the payment therefor by the issuance of bonds was not invalid as embodying two distinct propositions. In the instant case we have (1) acquisition of school houses, (2) betterment of schoolhouses and the payment for both projects by the issuance of bonds.

The general test for determining whether a proposition containing authorization for several structures or objects violates the rule that a separate proposition must be placed on the ballot for each distinct and independent object or purpose for which indebtedness is contemplated is whether or not there exists a natural relationship between such structures or objects so that they form but one rounded whole or single plan.[7] Other jurisdictions have approved proposals combining new construction and improvement of existing school buildings

---

[7]Aylmore v. Hamilton, 74 Wash. 433, 133 P. 1027; Blaine v. Hamilton, 64 Wash. 353, 116 P. 1076, 35 L.R.A.(N.S.) 577; Hart v. Board of Education, 299 Mo. 36, 252 S. W. 441.

as a single proposition.[8] Obviously, however, a legislature may prescribe what objects or proposals must be separately submitted to the voters and the statutes and decisions of the particular state must be examined to determine the classification necessary.

Our legislature saw fit to separately define "acquisition" and "betterment."[9] It maintained this distinction in the statute authorizing issuance of school bonds.[10] In the light of these provisions I am of the opinion that the legislature clearly indicated its intent that these objects be considered as separate and distinct purposes. The requirement of M. S. A. 124.02, subd. 2, that each proposition or question submitted shall be stated separately, makes me firmly believe that acquisition and betterment must be submitted to the voters in separate proposals enabling them to express their desire as to each without reference to the other. Although there is no occasion to go beyond the statutory language to arrive at this result, there is a sound basis for separate consideration of each of these proposals.

While I agree with the majority that the holding in Green v. Independent Consol. School Dist. No. 1, 243 Minn. 519, 68 N. W. (2d) 493, does not control the situation before us now, certain considerations expressed there are singularly applicable in this regard. As we mentioned there (243 Minn. 521, 68 N. W. [2d] 495):

"The obvious import of these statutes [the ones involved in the instant case] is to subject the plans of school boards regarding the initiation and issuance of school district bonds for school building construction and improvement projects to electoral approval and to limit the discretionary powers of the board in this area."

[8]Pittsburg Board of Education v. Davis, 120 Kan. 768, 245 P. 112; Willis v. School Dist. of Sedalia, 299 Mo. 446, 253 S. W. 741; Parks v. School Dist. No. 1, 22 Ariz. 18, 193 P. 838 (notice of election).

[9]M. S. A. 475.51, subd. 7, provides: " 'Acquisition' includes purchase, condemnation, construction, and acquisition of necessary land, easements, buildings, structures, machinery or equipment." Subd. 8 of the same section provides: " 'Betterment' includes reconstruction, extension, improvement, repair, remodeling, lighting, equipping, and furnishing."

[10]M. S. A. 475.52, subd. 5, provides: "Any school district may issue bonds for the acquisition *or* betterment of schoolhouses, * * *." (Italics supplied.)

And further (243 Minn. 523, footnote 8, 68 N. W. [2d] 496, footnote 7):

"* * * Obviously the conditions compelling a voter to favor betterment of a school building might not lead him to favor construction or purchase of a new school building or vice versa."

The vice of the ballot in the instant case is that it was drafted in such a fashion as to attract those voters who might only favor acquisition of schoolhouses and also those voters who might only favor betterment of school houses, thus easily permitting log-rolling tactics to secure its passage. And when once passed it would vest in the school board a discretion to spend as much or as little as it deemed advisable for either acquisition or betterment of schoolhouses. I think the legislature clearly intended that the school board should not have this discretion.

Even under L. 1957, c. 318, recently enacted and apparently guided through the legislature, at least in part, for the purpose of rendering the question pending before us in the instant case moot, the separate character of acquisition and betterment is preserved although the act provides that those propositions may, in the judgment and discretion of the board, be submitted as a single ballot question or as two separate questions in the notice of election and on the ballots. Since this is a dissenting opinion and the majority have decided this case on the merits contrary to my opinion, no useful purpose will be served by discussing the constitutional question. In my opinion the lower court should be affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I concur in the views expressed by Chief Justice Dell.