104 A.2d 382 (1954)
PETERMAN
v.
CITY OF MILFORD.
Court of Chancery of Delaware, Sussex.
April 10, 1954.
Daniel J. Layton, Jr., and H. Edward Maull, Georgetown, for plaintiff.
Henry J. Ridgely, Dover, for defendant.
*383 BRAMHALL, Vice Chancellor.
On September 8, 1953, at a meeting of the Council of the City of Milford, that body passed a resolution proposing to the electors of the City of Milford that the sum of $175,000 be borrowed to finance the enlargement and improvement of the City's sewage treatment and disposal plant and, as provided by the City's charter, called for a special public hearing on said resolution for September 21, 1953, at 8:00 o'clock p. m. At said hearing a resolution was passed calling for a special election to be held in the City of Milford on October 23, 1953, for the purpose of issuing bonds in the said sum of $175,000 to expand and improve the disposal plant. On November 10, 1953, a certificate was duly filed with the Council of the City of Milford, certifying that at said election 12,429 votes were cast for the proposed bond issue and 11,852 votes were cast against the proposed bond issue. As a result of these proceedings, the Council duly advertised said sewer bonds for sale. Plaintiff thereupon instituted this action against defendant to enjoin the sale and issuance of said bonds.
Plaintiff alleged in his complaint the following objections to the issuance of said bonds:
(1) The failure of the notice to voters to provide for the rate of interest which said bonds would bear or the manner of financing the payment of said bonds, which plaintiff alleged was required by Chapter 162, Vol. 37, Laws of Delaware, 1931, Sec. 22(B), subd. 1;
(2) The failure of the full membership of the Council to attend the citizens' meeting of September 21, 1953;
(3) Irregularity in the conduct of the election in that the Justice of the Peace who presided at such election was not a resident of the City of Milford;
(4) Irregularities in voting in that all ballots offered by voters in person were permitted to be dropped into the ballot box without the election board first passing upon the correctness of the number of votes to which each voter was entitled; and,
*384 (5) The alleged refusal of the election board to accept proxies unless the witness to the signature on said proxy was produced in person.
An amended complaint was filed on January 12, 1954, in which the additional objection was raised that neither the type, manner, nor cost of the proposed expansion and improvement of the disposal plant was set out in said resolution calling for the election. After answer filed by defendant, plaintiff filed a motion for summary judgment.
I shall first consider the objections raised to the notice of the election sent out by Council of the City of Milford. That notice was sent out as a result of the requirement of Sec. 22 of Chapter 162, Vol. 37, Laws of Delaware, 1931, which provides, in part, as follows:
"Provided, however, that the borrowing of the money therefore shall have been authorized by the City Council and shall have been approved by the electors in the manner and at the time following:
"(B) 1. Council by resolution shall propose to the electors of the City by resolution that the stated amount of money shall be borrowed for any of the above purposes. The resolution shall state the amount of money desired to be borrowed, the purpose for which it is desired, the manner of securing the same, and all other pertinent facts relating to the loan, and shall fix a time and place for hearing on the said resolution."
Plaintiff contends that the notice did not comply with the requirements of this portion of the statute in that the rate of interest which said bonds would bear, the manner in which the payment of said bonds would be financed, and the type, manner, and cost of the proposed expansion and improvement were not set out in said resolution. Defendant contends that all the provisions of the statute relating to the proposed bond issue were substantially complied with and that the bond issue as approved by a majority of the voters of the City of Milford is a valid and subsisting obligation.
It is generally held that where the statute requires the notice to contain certain provisions, an omission of any of these substantial requirements will in a direct proceeding prevent the issuance of the bonds and make them void. County of Warren v. Marcy, 97 U.S. 96, 24 L.Ed. 977; Hicks v. Krigbaum, 13 Ariz. 237, 108 P. 482. The same rule was followed in this State by Chancellor Josiah Wolcott in the case of Eastern Shore Public Service Co. v. Town of Seaford, 21 Del.Ch. 214, 187 A. 115. However, when the statutory requirements are followed, the municipal authorities cannot require anything else in the notice other than provided by the statute. Hamilton v. Village of Detroit, 83 Minn. 119, 85 N.W. 933; Allison v. City of Phoenix, 44 Ariz. 66, 33 P.2d 927, 93 A.L.R. 354. The legislature in granting to a municipality power and authority to issue its bonds may impose such conditions as it may choose and legislative authority to issue bonds does not carry with it authority to execute bonds except such as substantially comply with the instructions and conditions of the enabling act. See Dillon, Municipal Corporations (5th Ed., 1911) 1375.
There is no provision in the statute specifically providing that the notice shall contain the provisions of which plaintiff complains. Plaintiff asserts, however, that defendant is required by the words "and other pertinent facts relating to the loan" to include this information in the notice. He cites in support of his contention the case of Eastern Shore Public Service Co. v. Town of Seaford, supra. In that case the language of the relevant statute is exactly the same as the language of the statute here. Objection was made in that case to the failure on the part of the council of Seaford to include in the notice the rate of interest, the purpose of the proposed loan, and the estimated cost of the plant. Chancellor Wolcott there held that the resolution submitted to the *385 electors by the council for public hearing failed by its omissions substantially to comply with the requirements of the statute and that in consequence the purported authority of the council to issue the bonds was not lawfully conferred. It is true that in the Eastern Shore case other objections than those above referred to were raised to the issuance of the bond issue. Nevertheless, the Chancellor held that the failure of the notice to include any provisions for fixing the rate of interest, the purpose of the loan, and the manner in which the loan was to be paid, were conditions precedent to the right of the Town of Seaford to issue the bonds.
Defendant cites in his brief a number of cases which purportedly hold that it was not necessary that the notice include the rate of interest. Those cases are distinguishable from the present case and from the Eastern Shore case in two important respects: first, there is no provision in the statutes relative to those cases in which the words "`all other pertinent facts relating to the loan'" [21 Del.Ch. 214, 187 A. 121] or other similar language are used; and, secondly, most of the cases cited by defendant do not relate to the notice to the electors but bear upon the question of whether or not the county or municipal authority has discretionary power to fix the rate of interest.
The case of Eastern Shore Public Service Co. v. Town of Seaford, supra, is controlling. That case is also in line with the general authority as I find it. In view of my determination of this question, it is unnecessary for me to consider the other questions raised by plaintiff. The motion of plaintiff for summary judgment will be granted.
Order on notice in accordance with this opinion.